**In re J. Wayne STEWART and Jean M. Stewart, Debtors.**

**Bankruptcy No. SA 91–30408 JR.**

United States Bankruptcy Court, C.D. California.

March 1, 1993.

Richard A. Marshack, Burd & Marshack, Santa Ana, CA, Chapter 11 trustee.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

Chapter 11 Trustee, Richard A. Marshack ("Trustee"), filed a Request for Allowance of Interim Fees and Expenses. In addition to his fees, Trustee requests separate compensation for time spent by paraprofessionals in his firm performing duties of the type generally performed by Chapter 11 trustees in administering a debtor's estate. Trustee contends compensation for paraprofessionals employed to assist Trustee in administering the bankruptcy estate are separately compensable pursuant to Bankruptcy Code 11 U.S.C. § 330(a)(1), and are not limited by Bankruptcy Code 11 U.S.C. § 326(a), which caps fees that a

trustee may earn for administering a bankruptcy estate.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district), and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## STATEMENT OF FACTS

On January 16, 1991, J. Wayne Stewart and Jean M. Stewart ("Debtors") filed a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Code"). On January 7, 1992, Richard Marshack was appointed Trustee. On November 18, 1992, Trustee filed a Second Report and Account of Chapter 11 Trustee and Request for Allowance of Interim Fees and Expenses (the "Application"). The Application is for the period February 20, 1992 to November 22, 1992. Trustee calculated his statutory maximum allowable fee under Code § 326(a) at $12,756.65, based on distributions of $419,221.87 from Debtors's estate. Since Trustee previously was awarded an interim fee of $919.87 on his first interim fee application, Trustee requested in the Application a second interim fee of $11,836.78 and reimbursement of expenses of $3,288.32.

Trustee also seeks in the Application under Code § 330(a)(1) compensation totalling $5,683 for 62.2 hours of time spent by paraprofessionals assisting Trustee in administering Debtor's estate.[1] These para-

---

1. Services provided by paraprofessionals on behalf of Trustee are of the type normally performed by trustee's in the course and scope of their duties. Trustee has summarized the types of trustee duties as including preparing abandonment proceedings and various documents for limited notice, requesting authorization to make capital contributions, requesting authority to execute lease and loan documents, preparing memoranda, and corresponding with creditors and counsel regarding various matters. A review of the itemized entries identified as paraprofessional time in Trustee's time ledgers confirms that paraprofessional time was spent performing trustee services on behalf of Trustee. Trustee does not take a contrary position.

professionals are paralegal employees of Trustee, charging hourly rates ranging from $85 to $115. This request is in addition to Trustee's fee.

I awarded Trustee the statutory maximum interim fee for his services and costs as requested. I took under submission the issue whether Trustee may receive compensation for paraprofessionals performing trustee services when the aggregate fees being requested by Trustee exceed the § 326 limits.

## DISCUSSION

Code § 330(a)(1) provides in part:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee ... to a professional person employed under section 327 or 1103 of this title ...

(1) reasonable compensation for actual, necessary services rendered by such trustee ... professional person ... and by any paraprofessional persons employed by such trustee ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; ....

Code § 326(a) of the Code provides in part:

(a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, and three percent on any amount in excess of $3,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

Resolution of the issue before me depends on an analysis of the relationship between these two sections of the Code. Section 326(a) limits the compensation that a trustee may receive under § 330(a)(1).

Section 330(a)(1) authorizes compensation to a trustee subject to the limits of § 326(a) and provides the standards that the court should apply in making fee awards. Section 330(a)(1) also authorizes compensation from the estate for services performed by paraprofessionals employed by a trustee.

Trustee contends that an award of paraprofessional fees for services performed for a trustee under § 330(a)(1) are not subject to the § 326(a) limits. In support of his contention, Trustee cites *Cavazos v. Simmons*, 90 B.R. 234 (N.D.Tex.1988). In *Cavazos*, the district court reversed the bankruptcy court and held that § 326(a) does not limit paraprofessional fees that are separately compensable under § 330(a)(1). The court narrowly interpreted "trustee services" under § 330(a)(1) to mean that § 326(a) applied only to services performed by a trustee and not to trustee services performed by paraprofessionals employed by a trustee. *Id.* at 239.

The court applied the principle of statutory interpretation that where a statute is clear and unambiguous, the language of the statute must control, unless there is a clearly expressed legislative intent to the contrary. *Id.* (*citing Burlington Northern Railroad Co. v. Oklahoma Tax Commission*, 481 U.S. 454, 107 S.Ct. 1855, 95 L.Ed.2d 404 (1987). Finding the statutory provision unambiguous and no legislative intent to the contrary, the court held that the trustee was entitled to recover separate compensation for paraprofessionals employed to perform trustee duties.

Trustee, therefore, contends that § 326(a) should be applied to compensation that a trustee, and not a paraprofessional, receives for performing trustee services.

Judge Matheson in *In re Orthopaedic Technology, Inc.*, 97 B.R. 596 (Bankr. D.Colo.1989), followed the *Cavazos* court's interpretation of the interrelationship between § 326(a) and § 330(a)(1). He stated that

[t]he court concludes, from the clear language of the Code, that section 326 acts to limit compensation to be paid to a trustee for the services rendered by the

trustee. If the trustee utilizes the services of a paraprofessional, those services can be separately compensated, subject to the limitation under section 330 that such services be 'actual and necessary'.

*Id.*

Other courts have held differently. In *In re Berglund Construction Co., Inc.*, 142 B.R. 947 (Bankr.E.D.Wash.1992), the bankruptcy judges of the district

> decline[d] to follow the analysis set forth in *Cavazos* and *Orthopaedic*. Those decisions were predicated on the statutory interpretation that § 326 applies only to the trustee for his or her services. This Court determines that neither professionals nor paraprofessionals may be separately compensated for performing trustee duties beyond the limits of § 326.[2]

The court recognized that the trustee could choose to have a paraprofessional perform some of the trustee services, but the court could not award compensation to the trustee for trustee services beyond the § 326 limits.[3]

In *In re Lanier Spa, Inc.*, 99 B.R. 490 (Bankr.N.D.Ga.1989), Judge Murphy also disagreed with the *Cavazos* court in holding that compensation for trustee services by either trustees or paraprofessionals are subject to § 326. "Congress obviously intended to limit compensation to a trustee. Allowing compensation separately to a paralegal for performance of trustee duties would effectively circumvent that limitation and enable an unscrupulous trustee to gouge the estate. The removal of the § 326 limitation would encourage inefficiency and provision of duplicative services." *Id.* at 491.

■■ I choose to follow the thinking of the *Berglund* and *Lanier* courts on this issue. A trustee gets compensated in bankruptcy for trustee services pursuant to § 330(a)(1), subject to the limitations of § 326(a). Additionally, a trustee's attorney will not be compensated for trustee services as professional services. *In re McKenna*, 93 B.R. 238 (Bankr.E.D.Cal.1988). In *McKenna*, the court found the services performed by both the trustee and his attorney in the trustee's law firm were trustee duties and, therefore, compensation was limited by § 326. *Id.* at 242. The court refused to allow the § 326 limits to be circumvented this way. Certainly, the court should be no less concerned about the circumvention of § 326(a) when the participant is a paraprofessional rather than an attorney.

■■ Contrary to Trustee's contention, § 330(a)(1) and § 326(a) should be read together when awarding fees for "trustee services." Giving primary weight to the plain meaning of statutes, *United States v. Ron Pair Enterprises*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989), does not mean that the statutory language is to be read in a vacuum. Courts should give proper effect to the logical correlation of statutes, unless there is a clear repugnancy. *Wood v. United States*, 41 U.S. (16 Pet.) 342, 363, 10 L.Ed. 987 (1842). A specific statute should not be controlled or nullified by a general statute unless a clear legislative intent to the contrary is apparent, regardless of priority of enactment. *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153, 96 S.Ct. 1989, 1992, 48 L.Ed.2d 540 (1976) (citing *Morton v. Mancari*, 417 U.S. 535, 550–551, 94 S.Ct. 2474, 2482–2483, 41 L.Ed.2d 290 (1974)).[4] By its terms, § 330(a)(1) is ex-

**2.** *Id.* at 947. The court found the analyses in *In re Lanier Spa, Inc.*, 99 B.R. 490 (Bankr.N.D.Ga. 1989), and *In re Prairie Central Railway Co.*, 87 B.R. 952 (Bankr.N.D.Ill.1988), persuasive.

**3.** *Id.* at 949. The court was sympathetic to the trustee as to the costs of case administration in the majority of chapter 7 cases. However, if any change was to occur, it had to come from Congress. *Id.* n 3.

**4.** Section 326(a) was derived from section 48 c(1) of the Bankruptcy Act, and was intended to

set maximum compensation for trustees. Under section 48 c, limits on trustee compensation were tending to be treated as minimums. Section 330 was newly enacted as part of the Reform Act of 1978. Sections 326 and 330 are interrelated and were intended to prevent trustees from recovering more than they were statutorily entitled to under the old limits of section 48 c of the Bankruptcy Act. H.R.Rep. No. 595, 95th Cong., 1st Sess. 327 (1977); U.S.Code Cong. & Admin.News 1978, 5787, p. 6283.

pressly subject to § 326(a). Section 326(a) sets limits on amounts a trustee may receive for trustee services. Section 330(a)(1) permits the trustee to recover reasonable and necessary paraprofessional fees, subject to the statutory limits on compensation in § 326(a). Congressional intent is clear. A trustee should not receive compensation for trustee services beyond the § 326(a) limits. Courts should not allow trustees to circumvent § 326(a) by shifting trustee services to paraprofessionals. The concept behind encouraging the use of paraprofessionals to perform trustee services was not to increase the costs of estate administration, but rather to reduce them by giving trustees the flexibility to be more efficient in performing their duties. The intent was certainly not to encourage trustees to collect more than the § 326(a) limits by merely shifting the trustee duties to paraprofessionals. Such a result would be contrary to Congressional intent to limit trustee compensation in the administration of bankruptcy cases.

Trustee also contends that legislative history for § 330(a)(1) shows Congress intended trustees to seek separate compensation for paraprofessionals performing trustee duties. Further, Trustee argues that prohibiting independent compensation for paraprofessional fees would render Trustee's practice unprofitable. Neither of these arguments is persuasive.

Congress intended to limit bankruptcy estate administration costs. Permitting separate compensation for paraprofessionals under § 330(a)(1) would have the effect of driving up those costs and reducing assets available to pay creditor claims. *In re Lanier*, 99 B.R. at 491 (The narrow interpretation of § 326(a) offered by the *Cavazos* court would frustrate Congressional intent to limit compensation for estate administration.); *In re Berglund Construction Co., Inc.*, 142 B.R. at 949 (If the court adopts the holding in *Cavazos*, § 326(a) would be rendered meaningless and could be abused by trustees.); *In re Prairie Central Railway Co.*, 87 B.R. 952, 959 (Bankr. N.D.Ill.1988) (To allow separate compensation for paralegals performing trustee duties under § 330(a)(1) would be to permit trustees to do an end run around § 326(a).).

Additionally, allowing Trustee to recover separately on the argument that present statutory fees are insufficient would undermine Congressional intent to cap Trustee fees under § 326(a). The legislative history for § 326(a) clearly shows that Congress recognizes the increasing costs to trustees of administering bankruptcy estates and has taken steps when appropriate to remedy compensation inequities in § 326(a)[5] to provide adequate compensation. Although the legislative history indicates that § 330(a)(1) was enacted to encourage attorneys to use paraprofessionals to reduce costs of administering bankruptcy estates[6] and says nothing about the use of paraprofessionals by trustees, it can safely be said that the same goal applies for trustees as attorneys. However, this being said, it does not mean that this laudable goal somehow excuses compliance with the § 326(a) limits.

In summary, when read together, §§ 330(a)(1) and 326(a) authorize reasonable compensation for trustee services, whether such services are performed by the trustee or paraprofessionals, subject to

---

5. Congress amended § 326's trustee-compensation formula as part of the Bankruptcy Reform Act of 1978 to reflect a doubling of the cost of living index since the last amendment in 1952. H.R.Rep. No. 595, 95th Cong., 1st Sess. 327 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 37–38 (1978). The present statutory limits in § 326(a) were raised again for Chapter 7 and 11 cases as part of the Bankruptcy Amendments Act of 1984 in order to obtain qualified individuals to serve as trustees. S.Rep. No. 65, 98th Cong., 1st Sess. 74 (1983).

6. The House Report states that § 330 "is designed to encourage attorneys to use paraprofessional assistance where possible, and to insure that the estate, not the attorney, will bear the cost, to the benefit of both the estate and the attorney involved." H.R.Rep. No. 595, 95th Cong., 1st Sess. 330, reprinted in 1978 U.S.Code Cong. & Admin.News 5963, 6286. The Senate Report similarly provides that the purpose of § 330(a) is to encourage professionals whenever possible to use paraprofessionals to reduce costs to the estate. S.Rep. No. 989, 95th Cong., 2d Sess. 41, reprinted in 1978 U.S.Cong. & Admin.News 5787, 5827.

the limits of § 326. This holding is consistent with Congressional intent to limit the costs associated with the administration of a bankruptcy cases by trustees. Accordingly, Trustee's request for separate compensation for paraprofessionals used to perform Trustee's duties is denied as exceeding the limits of § 326(a). Trustee may seek compensation for these services at a subsequent interim fee application, provided the limits of § 326(a) are met.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. This memorandum opinion shall constitute my findings of fact and conclusion of law.