In re Louis J. BALLI, Debtor.

Bankruptcy No. 5–96–01596.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes-Barre Division.

Oct. 19, 1998.

William G. Schwab, Lehighton, PA, Trustee in Bankruptcy.

Joseph Murray, Wilkes–Barre, PA, Special Co-Counsel, for trustee.

Gregory Lyons, Harrisburg, PA, for the U.S. Trustee's Office.

John Doran, Doran & Nowalis, Wilkes–Barre, Pa, for debtor.

Charles DeHart, III, Hummelstown, PA, Ch. 13 Standing Trustee in Bankruptcy.

## OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

### Introduction

The Trustee, William Schwab, is managing 35 properties with 53 rental units pursuant to an Order authorizing the Trustee to operate a business. (Transcript of 5/8/97 at 5 and 7 (Doc. # 119).) During the course of his administration, Schwab utilized his support staff to perform services theretofore done for the Debtor by a property manager and a secretary. (Transcript of 5/8/97 at 11 (Doc. # 119).) He has identified these individuals as "paraprofessionals" and is now seeking an allowance for their services to date measured by an hourly rate which includes a component for overhead.

The United States Trustee objects to this allowance arguing that Schwab is attempting to enlarge the statutory fee cap set out in 11 U.S.C. § 326.

After a review of the various dynamics at issue, I will allow the Trustee to be reimbursed for his *actual* expenses in paying an employee or independent contractor for services specifically rendered to the estate, and I will deny the Trustee the ability to recover a "paraprofessional's" designated hourly rate.

### Facts

The case of Louis J. Balli was initiated as a chapter 13 filing on July 29, 1996. On October 8, 1996, the case converted to chapter seven and William Schwab was appointed as Trustee shortly thereafter. Subsequently, Mr. Schwab was appointed general counsel to the Trustee pursuant to the provisions of 11 U.S.C. § 327(d). As indicated, Schwab requested and received permission to maintain the Debtor's properties as an operating trustee. In furtherance of that operation, Schwab utilized four non-lawyer staff members from his law office, which he has billed to the estate at a rate lower than he would charge if they were assisting him as a lawyer rather than a trustee. In estimating the billing rate for employee time, Schwab "added my total employee expenses, occupancy expenses, insurance, communication which would be postage, telephone that's not compensated, that's not reimbursed, accounting services, interest, and my computer system and library, and divided that by the total number of possible hours that all my employees worked." (Transcript of 5/8/97 at 16 (Doc. # 119).) The Trustee computes the expense of those individuals, including himself, at $29.99 per hour. (Transcript of 5/8/97 at 23 (Doc. # 119).) Schwab actually paid his employees at the rate of $8.00 to $14.50 per hour plus benefits. (Transcript of 5/8/97 at 73, 74 (Doc. # 119).)

Coincidentally, he estimated the value of those services at $30.00 per hour by telephoning property management companies in the locale. (Transcript of 5/8/97 at 15 (Doc. # 119).)

### Discussion

■ The United States Trustee takes the position that the paraprofessional's hourly rate must be included in the § 326 fee cap. This is founded on the interaction of two sections of the Bankruptcy Code that have been read to limit the panel trustee's compensation to a fixed percentage including fees charged by the trustee's paraprofessional. The argument begins with § 326(a) which provides that compensation of a trustee under § 330, *for a trustee's services,* is capped at a specific percentage of gross dis-

bursements.[1] Keeping in mind this limitation, § 330(a)(1) appears to provide that an award to the trustee for reasonable compensation for services rendered by the trustee, should include any paraprofessional person employed by the trustee, subject to § 326.[2]

The majority of courts that have studied this issue, have concluded that the award to the trustee, including the compensation for services rendered by the paraprofessional employed by the trustee, is limited by § 326. *In re Jenkins*, 130 F.3d 1335 (9th Cir.1997); *Clements v. United States Bankruptcy Court (In re Asher)*, 171 B.R. 690, 691 (D.Colo. 1994); *In re Santangelo & Co.*, 156 B.R. 62, 64 (Bankr.D.Colo.1993); *In re Stewart*, 151 B.R. 255, 259–60 (Bankr.C.D.Cal.1993); *In re Hagan*, 145 B.R. 515, 517 (Bankr.E.D.Va. 1992); *In re Berglund Constr. Co.*, 142 B.R. 947, 949 (Bankr.E.D.Wash.1992); *In re Lanier Spa, Inc.*, 99 B.R. 490, 491 (Bankr.N.D.Ga. 1989); *In re Prairie Cent. Ry.*, 87 B.R. 952, 959 (Bankr.N.D.Ill.1988).

On the other hand, several courts have determined that the limitation in § 326 affects *only* the trustee's actual services for which allowance is sought, and not other items such as paraprofessional services. These courts suggest that, even if the trustee delegates responsibilities that would otherwise be performed by the trustee, those efforts are not, in fact, the services rendered by the trustee and should not be credited against the limits set forth in § 326. *In re Abraham*, 163 B.R. 772, 788 (Bankr.W.D.Tex. 1994); *In re Orthopaedic Tech., Inc.*, 97 B.R. 596, 599 (Bankr.D.Colo.1989); *Cavazos v. Simmons*, 90 B.R. 234, 240–41 (N.D.Tex. 1988).

Section 330 of the Bankruptcy Code specifically provides for an award to the professional, including a trustee, the components of which are: (1) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney; (2) reasonable compensation for actual, necessary services rendered by any paraprofessional person employed by any such person; and (3) reimbursement for actual, necessary expenses.

I will observe that Congress has specifically empowered courts to award compensation for a paraprofessional's time, as would occur in non-bankruptcy cases, because, conversely, to disallow such an award would encourage professionals to perform work themselves that could easily be handled by a professional at a lower rate.[3] The recognition that a paraprofessional working side-by-side with a professional can reduce ultimate fees is certainly a phenomena noted by our Circuit. *In re Busy Beaver Bldg. Ctrs.*, 19 F.3d 833, 851 (3rd Cir.1994).

Secondly, the statute appears to distinguish between compensation for *services* rendered by a paraprofessional and reimbursement for actual *expenses* of the trustee and others. It has been said that when a court awards a fee for reasonable services, it measures the fee against the market, inclusive of whatever overhead and profit is a component of such rate. *In re Peoples Sav. & Inv., Inc.*, 103 B.R. 264, 275 (Bankr.E.D.Okla.1989). Actual expenses, in contrast, are incurred rather than allocated. 3 Lawrence P. King, Collier on Bankruptcy ¶ 330.05[1] at 330–61 (15th ed. rev.1997).

---

1. In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee *for the trustee's services*, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C.A. § 326(a) (Emphasis ours.)

2. After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330

3. H.R. No. 595, 95th Cong., 2d Sess. 330 (1978), U.S.Code Cong. & Admin.News pp. 5963, 6286.

As indicated, the principal objection of the United States Trustee to Schwab's interim fee application as operating trustee is Schwab's apparent attempt to collect the paraprofessional's hourly rate without affecting the trustee's fee cap set forth in § 326.

My review of the statute supports the United States Trustee's position.

A reading of §§ 326 and 330 compels the conclusion that any allowance of fees attributed to a paraprofessional's hourly rate, when added to the trustee's fees cannot exceed the § 326 cap. Congress, either intentionally, or accidentally, limited the compensation of a trustee for trustee services to a fixed amount based on a sliding percentage of gross disbursements. Congress then, in § 326, included a paraprofessional's compensation as an element of those same "trustee services."

This conclusion leads to a certain irony. As previously indicated, Congress inserted the "paraprofessional" language to conserve the estate and in recognition of certain contemporary realities of bankruptcy administration, i.e., the rising use of assistants by professionals. In utilizing the language it chose, a result, quite inapposite, has occurred. A trustee would be discouraged to hire a paraprofessional to assist him or her if the expense of such retention would reduce his or her net award. Of course, a trustee's duties do not diminish by this decision. The trustee remains under a mandate to perform many of the laundry list of responsibilities set forth in 11 U.S.C. § 704 [4]. Under my reading of the statute, the use of assistants to aid in that task, if treated as paraprofessionals, could likely erase whatever trustee's commissions there were in the majority of cases.[5] The conclusion follows that a trustee, rather than risk his or her commission, is encouraged to neglect to pursue his or her responsibility. At least one court has attempted to ameliorate this unfortunate result by suggesting that, if employment of a paraprofessional is a necessity, i.e., presumably, where the trustee could not physically perform the task without aid, then such employment could be compensated under § 330(a)(1)(B) as a "necessary expense" separate from the § 326 cap. *Matter of Gribbon*, 181 B.R. 179 (Bankr.D.N.J.1995).

Most judges agree that trustees are inadequately compensated. American Bankruptcy Institute, American Bankruptcy Institute National Report on Professional Compensation in Bankruptcy Cases § 10.2 at 209 (G.R. Warner rep.1991). Unlike judges and United States Trustees, private trustees have been incorporated into the system of bankruptcy administration without the security of guaranteed salaries and benefits. Indeed, with only the assurance of the pittance represented by the $60.00 allotment provided by

---

4. § 704. Duties of trustee

The trustee shall—
(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;
(2) be accountable for all property received;
(3) ensure that the debtor shall perform his intention as specified in section 521(2)(B) of this title;
(4) investigate the financial affairs of the debtor;
(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;
(6) if advisable, oppose the discharge of the debtor;
(7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;
(8) if the business of the debtor is authorized to be operated, file with the court, with

the United States trustee, and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires; and
(9) make a final report and file a final account of the administration of the estate with the court and with the United States trustee.
11 U.S.C.A. § 704

5. It has been estimated that 97% of all chapter seven cases in 1997 were no asset cases. Statistics Division, Administrative Office of the United States Courts, Report G Bankruptcy Cases Terminated Under Chapter & by District, Office and Bankruptcy During the 12 Month Period Ending December 31, 1997 (on file with the Statistics Division). No commissions are payable to a trustee in those cases, but they are entitled to the fixed sum of $60 after performance of their services. 11 U.S.C. § 303(b).

§ 330(b), they undertake the roles of bookkeeper, caretaker, investigator, enforcer, reporter and litigant, to name just a few.

The combined weight of their solemn responsibilities and the importance of fairly compensating the trustee for such endeavors provides sufficient cause for me to reexamine the statute to determine whether an interpretation, alternative to *In re Jenkins*, 130 F.3d 1335 (9th Cir.1997) but consistent with legislative intent, is possible. In doing so, I draw the parties' focus on the statute's use of the terms "professional" and "paraprofessional." Neither of those terms is defined in the Bankruptcy Code. "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979). In Black's Law Dictionary, professional is defined as "[o]ne engaged in one of learned professions or in an occupation requiring a high level of training and proficiency." Paraprofessionals are identified as "[o]ne who assists a professional person though not a member of the profession himself; *e.g.* a paralegal (*q.v.*) who assists a lawyer." Black's Law Dictionary 1210 and 1112 (6th ed.1990). See also, *United States Trustee v. Boldt (In re Jenkins)*, 188 B.R. 416, 419 (9th Cir. BAP 1995). If these definitions control their usage in the Bankruptcy Code, the paraprofessional must assist a "professional" who presumably must be serving the estate. Unquestionably, entities appointed pursuant to an application under § 327 are professionals. While a trustee may apply for permission to be appointed a professional under § 327(d), the trustee's election as trustee under § 702 or § 1104 or the interim trustee's succession as trustee under § 704(d) or an appointment under § 1104(d), does not automatically endow such trustee with the expertise that would qualify a trustee as a professional as that term has been heretofore defined. That the trustee need not be a professional is supported by the fact that the United States Trustee's guidelines for the appointment of a panel trustee require no special qualifications beyond a college degree and a minimum of 20 semester-hours of business-related courses. 28 C.F.R. 58.4 Code of Federal Regulations: Title 28—Judicial Administration; Chapter I—Department of Justice; Part 58—Regulations Relating to the Bankruptcy Reform Acts of 1978 and 1994; 58.4 Qualifications for Appointment as Standing Trustee and Fiduciary Standards.

■ The conclusion of this exercise suggests that an individual, while acting as a nonprofessional trustee, is not capable of employing a "paraprofessional" in furtherance of those duties identified under § 704. This is not to say that the trustee cannot retain assistants. Nevertheless, should the trustee require the expertise that only a professional can offer, the Code quite clearly requires advance court approval. 11 U.S.C. § 327.[6]

■ By defining a paraprofessional as I have, the trustee, while retaining the ability to hire administrative and nonadministrative assistants under § 330(a)(2), would be unable to directly engage individuals who should be supervised by professionals appointed under § 327. The statute, however, does not prohibit the reimbursement for the actual and necessary expenses incurred by a trustee in hiring assistants to perform discrete services for the estate.

---

**6.** Such approval is seen as necessary so "that the court may know the type of individual who is engaged in the proceeding, their integrity their experience in connection with work of this type, as well as their competency concerning the same." *In re Hydrocarbon Chemicals, Inc.*, 411 F.2d 203, 205 (3rd Cir.) (in banc), *cert. denied*, 396 U.S. 823, 90 S.Ct. 66, 24 L.Ed.2d 74 (1969). As was mentioned in *Matter of Arkansas Co. Inc.*, provisions in the Code requiring advance approval was designed by Congress "to eliminate the abuses and detrimental practices that had been found to prevail under the Bankruptcy Act.

Among such practices was the cronyism of the 'bankruptcy ring' and attorney control of bankruptcy cases. In fact, the House Report noted that '[i]n practice ... the bankruptcy system operates more for the benefit of attorneys than for the benefit of creditors.' H.R. No. 595, 95th Cong., 2d Sess. 92, reprinted in 1978 U.S.Code Cong. & Ad. News 5787, 5963, 6053." *Matter of Arkansas Co.*, 798 F.2d 645, 649 (3rd Cir.1986). In addition, "prior court approval serves to preserve the bankrupt estate by preventing unnecessary professional excursions." *In re Philadelphia Mortgage Trust*, 930 F.2d 306, 309 (3rd Cir.1991).

█ In this case, each of the Trustee's assistants, or whatever he chooses to call them, performed specific services inuring to the estate at a measurable expense to the Trustee identified as $8.00 to $14.50 per hour.[7] Since I do not regard these individuals as paraprofessionals when performing these services for the trustee, nothing in the Code bars the trustee from being reimbursed these amounts without affecting the § 326 cap.

█ Throughout this opinion, it must be remembered that § 326(a) provides not an entitlement, but a cap on a trustee's compensation. H.R.Rep. No. 595, 95th Cong., 1st Sess. 327 (1977); see S.Rep. No. 989, 95th Cong., 2d Sess. 37–38 (1978). Before the court may award an allowance, the court must consider the trustee's time spent on the case, the trustee's rates, the benefit to the estate, the complexity of services, and the fees charged for similar nonbankruptcy services. 11 U.S.C. § 330(a)(3). Congressional willingness to reimburse the trustee for the expenses of his or her assistants at a lower rate than would be paid the trustee to perform those same services to the estate works an economic benefit to the estate. Nevertheless, the Code retains the fee cap to encourage the trustee to be "result-oriented" thereby increasing the ultimate benefit to the estate. See, generally, Christine Jagde & Mamie Stathatos, *Professional Fees in Bankruptcy: Percentage-of-the-recovery Method—A "Solvent" Response for Bankruptcy Proceedings?*, 1 Am.Bankr.Inst. L.Rev. 471 (1993).

I am satisfied that the Trustee's requests for interim compensation filed January 9, 1997 and February 26, 1997 should be considered primarily as a request for reimbursement of expenses. Based on the facts set forth in the Applications, I can authorize reimbursement to Schwab for payment to his support staff in the following amounts:

Melissa M. Solt 57.55 hours @ $14.50/hr . . . . . . . . . $834.47
Kathy A. Goldberg 19.20 hours @ $12.50/hr . . . . . . $240.00
Nathan A. Scherer 49.00 hours @ $11.00/hr . . . . . . $539.00
Pamela J. Brown 4.20 hours @ $8.00/hr . . . . . . . . . $ 33.60

---

**7.** Melissa M. Solt is employed at $14.50 per hour. Kathy A. Goldberg is employed at $12.50 per hour. Nathan A. Scherer is employed at

These expenditures totaling $1,647.07, together with miscellaneous costs of $303.00, can be reimbursed to the Trustee from the estate without affecting the fee cap set forth in 11 U.S.C. § 326.

█ Moreover, at the time of the hearing on this application the Trustee testified that he had spent 15.4 hours administering the case and he was requesting an interim allowance for that time at an hourly rate of $30.00 which would be credited against the fee cap provided by § 326. This request is not opposed by the United States Trustee. (Transcript of 5/8/97 at 80 (Doc. # 119).) Since this request is well within the percentage cap that would be applicable should it be applied to the fund of $32,675.04 in the Trustee's possession at the time of the request, the Court will authorize an interim allowance in the amount of $462.00 to the Trustee, subject, of course, to reconsideration at the time of the final fee award. *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873 n. 3 (3rd Cir.1997). This allowance is over and above my earlier authorization providing for reimbursement to the Trustee.

My Order is attached.

### ORDER

For the reasons set forth in the attached Opinion, the Trustee is awarded an interim allowance of $462.00. Furthermore, the Trustee is authorized to reimburse himself the sum of $1,950.07.

$11.00 per hour. Pamela J. Brown is employed at $8.00 to $9.00 per hour. (Transcript of 5/8/97 at 73–74 (Doc. # 119).)