**In re Aaron S. JOHNSON and Karen A. Johnson, Debtors.**

and

**In re David Allen Keys and Nina Jo Keys, Debtors.**

Nos. 04–92428, 04–92471.

United States Bankruptcy Court, C.D. Illinois.

Sept. 20, 2004.

Pamela Howell, Danville, IL, for Debtors.

Steve Miller, Danville, IL, trustee.

Marsha Combs Skinner, Newman, IL, trustee.

## OPINION

GERALD D. FINES, Chief Judge.

These matters having come before the Court *sua sponte;* the Court, having reviewed the record of Debtors' bankruptcy proceedings, having heard arguments of counsel, and being otherwise advised in the premises, makes the following findings of

fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### Findings of Fact

The material facts in the matters presently before the Court are not in dispute and are in pertinent part as follows:

1. The two above-captioned Chapter 7 bankruptcies were filed *pro se* by the Debtors with petitions which were signed by the Debtors alone. There was no signature of an attorney on either petition which would indicate that an attorney had prepared the petition or that, pursuant to Exhibit B on the petitions, the Debtors had been advised as to the various chapters in bankruptcy which they could choose and the relief afforded under those chapters.

2. In both cases, the petitions and schedules were presented for filing in paper form by the Debtors in person. The petitions were accepted by the Clerk of the Court and assigned a case number.

3. A review of both petitions revealed that, among the schedules filed in each case was a statement under Rule 2016(b) of the Federal Rules of Bankruptcy Procedure entitled "Disclosure of Compensation of Attorney For Debtor." In both cases, the Rule 2016(b) statement was signed by Attorney Pamela Howell, with those statements revealing that Attorney Howell had conferred with both sets of Debtors and had, in fact, prepared the petition and schedules in each case, which the Debtors subsequently filed *pro se.*

4. The Court scheduled a preliminary hearing in these matters on August 17, 2004, at which time Attorney Howell appeared, as did Aaron S. Johnson and Karen A. Johnson. Attorney Howell stated on the record that it was her intention to only represent the Debtors in the preparation of their bankruptcy petition and schedules and that she intended to offer no services beyond that point. Attorney Howell also stated that her office had indeed prepared the petitions and schedules in both the *Johnson* and *Keys* cases, that that was the reason for the filing of a Rule 2016(b) statement in each case, indicating that Attorney Howell had received a fee of $400 from both sets of Debtors for the services which she had rendered.

5. Following hearing on August 17, 2004, the Court entered an Order directing all parties, including Attorney Pamela Howell, Debtors Johnson and Keys, and an attorney representative of the Office of the United States Trustee, to appear before the Court on September 8, 2004, to address certain issues. The parties were further invited to file a brief on the issues no later than 5 days before the scheduled hearing, and Attorney Howell was ordered to file a detailed fee itemization to support the $400 fee charged in each case on or before September 2, 2004.

6. Despite the Court's invitation to file briefs, none were filed, even though the Court, on its own initiative, has discovered numerous cases addressing the issues raised in its Order of August 18, 2004.

7. Attorney Howell appeared at hearing on September 8, 2004, represented by Attorney Bruce Meachum. The Johnsons and Keys appeared also, as did Sabrina Petesch on behalf of the Office of the United States Trustee.

### Conclusions of Law

First, the Court will address the questions of whether Attorney Howell can fail to sign bankruptcy petitions which she has admittedly prepared in contravention of Rule 9011 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 110, and whether Attorney Howell can be sanctioned for her failure to sign said

petitions. Rule 9011 requires that an attorney who prepares a document for filing with a Court must sign that document. It has been held that, where an attorney has a client sign a pleading that the attorney has, in fact, prepared, an impression is created that the client, in fact, drafted the pleading. Such an action is a violation of both Rule 9011(b)(1) and the duty of honesty and candor to the Court. *See: In re Merriam,* 250 B.R. 724 (Bankr.D.Colo. 2000) and *In re Castorena,* 270 B.R. 504 (Bankr.D.Idaho 2001). The signature of an attorney or of a party representing themselves *pro se* is a certification that, according to the best of the signer's knowledge, information, and belief, the pleading is not being presented for an improper purpose; that its legal contentions are warranted by existing law; and that the factual allegations have evidentiary support. Rule 9011(b), Fed.R.Bankr.P. Signature also determines who is responsible for the accuracy of the allegations in the pleadings. Often the signature also determines the standard to be applied in determining allegations in the pleadings. Generally, pleadings that are prepared by laypersons, without counsel (*pro se* pleadings), are interpreted more liberally than those prepared by counsel. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Where an attorney who prepares a petition fails to sign it, there is a potential for the Court, the Trustee, and creditors to be misled. It is essential that all parties know who is responsible for the contents of a petition. In fact, there is potential that the Debtors in the present cases could face devastating consequences for mistakes or inaccuracies in their petitions for which they are not truly responsible. Thus, it is critical for an attorney who has prepared the petitions to sign them, notifying all parties of his or her participation. Although 11 U.S.C. § 110 is not applicable in the in-

stant situation, in that attorneys cannot act as petition preparers, § 110 does provide support for the proposition that a professional who prepares a debtor's bankruptcy petition must sign that petition and acknowledge his or her participation.

Pursuant to the provisions of Rule 9011(c), the Court entered its Order on August 18, 2004, describing the conduct of Attorney Howell as conduct which appeared to violate subdivision (b) of Rule 9011. Attorney Howell was given notice of the Court's Order and a reasonable opportunity to respond. In this regard, Attorney Howell chose not to submit a brief, even though invited to do so. At hearing, on September 8, 2004, neither Attorney Howell nor her counsel offered any case law in support of her position or any significant reason as to why the Court should not enter sanctions. At the hearing, Sabrina Petesch, Attorney for the Office of the United States Trustee, identified numerous cases that prohibit as improper the procedure used by Attorney Howell in her representation in the two cases before the Court.

■ Based upon the undisputed facts in this matter, the Court finds that Attorney Howell is in violation of Rule 9011 for her failure to sign the bankruptcy petitions in each of the two above-captioned cases which she has admittedly prepared, and, as a result, those petitions were filed for the improper purpose of representing the Debtors as *pro se* when, in fact, they had not only consulted with an attorney, but had had that attorney use her expertise in preparing their bankruptcy petitions.

■ The goal of the sanctions remedy provided under Bankruptcy Rule 9011 is to deter unnecessary filings, prevent the assertion of frivolous pleadings, and require good faith filings. *In re Rossi,* 1999 WL 253124 (Bankr.N.D.Ill.1999). It is clearly

stated in Rule 9011(c)(2) that a sanction imposed for a violation of this Rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. In the above-captioned cases, given the nature of the violation and the difficulties which that violation poses upon the Debtors, Debtors' creditors, the Court, and all concerned parties, the Court finds that Attorney Howell should be required to repay $400 in fees to the Debtors in each of the above-captioned cases.

In addition to the question of sanctions under Rule 9011, the Court also ordered Attorney Howell to submit a detailed fee itemization to justify the $400 fee charged in each case. Pursuant to this Court's Order of August 18, 2004, the detailed fee itemization was to be filed with the Court on or before September 2, 2004. A timely fee itemization was not filed with the Court, but, rather, Attorney Howell, through her counsel, submitted a handwritten, one-page itemization for each case in open Court at hearing on September 8, 2004. The Court finds that, not only were the itemizations submitted by Attorney Howell out of time, but they were also wholly lacking in the detail required by the Bankruptcy Code and established case law.

■ Pursuant to 11 U.S.C. §§ 329 and 330, an attorney bears the burden to establish and justify the fee charged in a given case. *See: In the Matter of Peter Francis Geraci,* 138 F.3d 314, at 318 (7th Cir.1998). In order to support a fee application, a time itemization must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. *See: In re Wiedau's, Inc.,* 78 B.R. 904 (Bankr. S.D.Ill.1987), citing *In re Wildman,* 72 B.R. 700 (Bankr.N.D.Ill.1987); and *In re East Peoria Hotel Corp.,* 145 B.R. 956 (Bankr.C.D.Ill.1991). Time entries for telephone calls, conferences, and letters must state the purpose or nature of the service and the persons involved. *Wiedau's, supra* at 908. Each type of service must be listed separately with the corresponding specific time allotment. Services may not be lumped together. Additionally, time expended must be reasonable in light of the results obtained. *In re Mid-State Fertilizer Co.,* 83 B.R. 555 (Bankr. S.D.Ill.1988); and *In re Prairie Central Railway Co.,* 87 B.R. 952 (Bankr.N.D.Ill. 1988).

■ In reviewing the fee itemizations submitted by Attorney Howell under the criteria stated above, the Court finds that the fee itemizations provide none of the detail necessary to support any fee. Thus, the Court finds that, even if it had not found sanctions appropriate under Rule 9011, it would have been required to order disgorgement of the fees in full for Attorney Howell's failure to timely submit a detailed fee itemization complying with the requirements of long-established case authority.

In conclusion, the Court finds that Attorney Pamela Howell should be ordered to disgorge the sum of $400 to the Debtors in each of the above-captioned cases as an appropriate sanction under Rule 9011 of the Federal Rules of Bankruptcy Procedure and for her failure to submit a timely, detailed fee itemization establishing the reasonableness of the fees charged.

### ORDER

For the reasons set forth in an Opinion entered on the 20 day of September 2004;

IT IS HEREBY ORDERED that Attorney Pamela Howell is ordered to disgorge fees in the amount of $400 to the Debtors

in each of the above-captioned cases within 21 days of the date of this Order.