In re Wilmer L. ASHER, Debtor.

Kay CLEMENTS, Appellant,

v.

UNITED STATES BANKRUPTCY
COURT, Appellee.

Civ. A. No. 93–Z–2212.
Bankruptcy No. 87 B 05472 DEC.

United States District Court,
D. Colorado.

Aug. 24, 1994.

Kay Clements, Trustee, Boulder, CO, pro se.

ORDER DISMISSING APPEAL

WEINSHIENK, District Judge.

The matter before the Court is appellant's appeal of United States Bankruptcy Judge Donald E. Cordova's Final Order entered on October 8, 1993. Appellant filed a principal brief and the appellee filed a Statement In Response To Brief Of Appellant. The Court determines that oral argument would not be of material benefit in reaching a decision. *See* Bankr.R. 8012.

Debtor filed for voluntary bankruptcy under Chapter 7 of the Bankruptcy Code on May 11, 1987, and subsequently appellant was appointed trustee for the bankruptcy estate. Eventually, the trustee finished her work, and on June 14, 1993, she submitted a Trustee's Application For Order Approving Compensation And Reimbursement Of Expenses, And For Payment Of Administrative Costs And Dividends To Creditors. In said application the trustee requested reimbursement for a paralegal's services. The paralegal's work was properly documented and said documentation was incorporated in the trustee's application. The Bankruptcy Judge reviewed the application and entered a Final Order in which he granted the trustee compensation as requested for her own services but disallowed compensation for the paralegal services. He based his decision to disallow these expenses on *In re Santangelo,* 156 B.R. 62 (Bankr.D.Colo.1993), an earlier decision directly on point by the same Court. The trustee appeals the Final Order.

In considering this matter on appeal, the Court reviewed all relevant case law, the statutes in question, the legislative history of those statutes, the reasoning of the Court in *In re Santangelo,* the argument made by the appellant, and the arguments made in the Motion To Reconsider filed in *In re Santangelo.* After careful consideration, the Court determines that the appellant is not entitled to relief.

When the Bankruptcy Judge examined the facts in the matter now before this Court he found that the paralegal in question did perform trustee work. Findings of fact of the Bankruptcy Court must be upheld unless clearly erroneous. *See e.g., In re Blehm*

*Land and Cattle Co.*, 71 B.R. 818, 822 (D.Colo.1987). This Court has no reason to believe that this finding was clearly erroneous and accordingly will uphold said finding.

Thus, the remaining issue is whether the trustee is entitled to compensation beyond that provided for in 11 U.S.C. § 326, for the services of a paralegal who performed trustee duties. Since this is a legal issue on which the Bankruptcy Judge made a conclusion of law, this Court will analyze it de novo.

First, the Court notes that § 326 defines the amount of compensation a trustee is permitted to obtain. It provides:

(a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, and three percent on any amount in excess of $3,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

From this section of the statute it is clear that Congress intended to cap the compensation of a trustee. But this section does not define "compensation." Instead it specifically refers to "compensation under Section 330 of this title." It is 11 U.S.C. § 330(a) which defines compensation and distinguishes it from reimbursement. Reimbursement for actual, necessary expenses is allowed in § 330(a)(2), and in § 330(a)(1) compensable items are set forth as follows:

reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; ....

The first paragraph of § 330(a) states that it is subject to § 326. Congress, by cross referencing § 326(a) and § 330(a), clearly indicated that the two should be read together.

By reading the two sections together, it is evident that payment for a paraprofessional's service when such services could have been completed by the trustee herself is to be considered compensation, not reimbursement, and as such is subject to the § 326(a) cap.

Not all Bankruptcy Courts have agreed with this conclusion. *See In re Abraham*, 163 B.R. 772 (Bankr.W.D.Tex.1994); *In re Meyer*, 161 B.R. 839 (Bankr.N.D.Cal.1993); *Cavazos v. Simmons*, 90 B.R. 234 (Bankr. N.D.Tex.1988); *In re Orthopaedic Technology, Inc.*, 97 B.R. 596 (Bankr.D.Colo.1989).

However, the legislative intent behind the statutes in question convinces this Court that applying the cap to paraprofessional services is proper. This Court agrees with the analysis of Bankruptcy Judge Ryan in *In re Stewart*, 151 B.R. 255, 259 (Bankr.C.D.Cal.1993), who articulated the policy reasons for not allowing extra compensation when paraprofessionals were retained by a trustee:

The concept behind encouraging the use of paraprofessionals to perform trustee services was not to increase the costs of estate administration, but rather to reduce them by giving trustees the flexibility to be more efficient in performing their duties. The intent was certainly not to encourage trustees to collect more than the § 326(a) limits by merely shifting the trustee duties to paraprofessionals. Such a result would be contrary to Congressional intent to limit trustee compensation in the administration of bankruptcy cases.

*See also In re Berglund Const. Co. Inc.*, 142 B.R. 947 (Bankr.E.D.Wash.1994); *In re Dorn*, 167 B.R. 860 (Bankr.S.D.Ohio 1994); *In re Blue*, 146 B.R. 856 (Bankr.W.D.Okla. 1992); *In re Hagan*, 145 B.R. 515 (Bankr. E.D.Va.1992).

Subjecting paralegal services to the § 326(a) cap may cause trustees to reevaluate the use of paraprofessionals and may reduce such usage. The Court is not expressing any opinion on whether such alteration would be for the better or the worse. However, Congress, not the judiciary, must make any necessary changes in the system of

692

trustee compensation created by the Bankruptcy Code. Thus, this Court declines to alter the Statute's plain meaning and will adopt the reasoning expressed in both *In re Stewart* and *In re Santangelo*.

The Court concludes that the Bankruptcy Judge correctly applied 11 U.S.C. § 326(a)'s cap to the paralegal fees in question and correctly disallowed compensation for these services, since the trustee already received her statutory limit of compensation. Accordingly, it is

ORDERED that the October 8, 1993, Final Order of Bankruptcy Judge Donald E. Cordova is affirmed. It is

FURTHER ORDERED that the appeal is dismissed.