In re SANTANGELO AND COMPANY, INC., Debtor.

**Bankruptcy No. 92 15741 DEC.**

United States Bankruptcy Court, D. Colorado.

Feb. 10, 1993.

Order Denying Reconsideration June 7, 1993.

Paul Q. Quinn, Denver, CO, for Harvey Sender, trustee.

## ORDER ON FIRST AND FINAL APPLI-CATION FOR COMPENSATION FOR CHAPTER 11 TRUSTEE

DONALD E. CORDOVA, Bankruptcy Judge.

THIS MATTER comes before the Court on the First and Final Application for Compensation for Chapter 11 Trustee, filed by Trustee Harvey Sender on October 7, 1992. Pursuant to the Court's Order of December 28, 1992, the trustee filed a Supplement to First and Final Application for Compensation by Chapter 11 Trustee on January 8, 1993. The Application seeks compensation in the amount of $850.84 in trustee's fees and $801.00 in expenses. The Court has reviewed the Application and the Supplement and hereby finds as follows.

### FACTS

With respect to the trustee's fees, Mr. Sender has shown the amount of disbursements from the Chapter 11 estate, $28,-111.19, and has multiplied that amount by the statutory maximum percentage, three percent, to arrive at the fee of $850.84. With respect to the expenses, he has indicated hourly charges for his paralegal of $60.00 per hour for 13.35 hours, resulting in expenses of $801.00. The Supplement provides detailed time records for the paralegal hours.

Mr. Sender was appointed Chapter 11 trustee on June 3, 1992. On September 11, 1992, the trustee moved to employ his law firm as attorney for the trustee. This motion was denied on October 8, 1992. On December 14, 1992, the trustee moved to employ Paul Quinn, Esq. as attorney for the trustee, which motion was granted on December 12, 1992. Thus, the Court did not authorize the employment of the trustee's paralegal under 11 U.S.C. § 327.

### DISCUSSION

The determination of trustee compensation under Chapter 7 or Chapter 11 requires an analysis of the relationship between 11 U.S.C. § 330(a)(1) and 11 U.S.C. § 326. 11 U.S.C. § 330(a)(1) provides

Compensation of officers.

(a) After notice to any parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to the trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

11 U.S.C. § 326 provides

Limitation on compensation of trustee.

(a) In a case under Chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, and three percent on any amount in excess of $3,000, upon all moneys distributed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

The instant application raises the issue of whether a Bankruptcy Court may allow reimbursement to a trustee for paralegal services in excess of the maximum amount allowed for trustee compensation under 11 U.S.C. § 326(a). Some Courts, including one in this district, have reached the con-

clusion that § 326(a) acts to limit compensation for services rendered by the trustee, but if the trustee employs a paraprofessional, the Court may allow separate compensation for those services, subject to the requirements of § 330(a). *In re Orthopaedic Technology, Inc.*, 97 B.R. 596, 599 (Bankr.D.Colo.1989); *Cavazos v. Simmons*, 90 B.R. 234, 240 (Bankr.N.D.Tex.1988). However, the rationale expressed by the Tenth Circuit in the recent case of *Dunivent v. Schollett*, 980 F.2d 639 (10th Cir. 1992), considered in conjunction with the plain meaning of § 330(a) and § 326(a), prompts this Court to conclude that a trustee may not receive additional compensation in excess of the statutory limit for trustee duties rendered by a paralegal.

■ In the *Dunivent* case, determining that a Court has no authority to review the compensation set for a standing trustee by the Department of Justice, the Tenth Circuit noted:

A standing trustee undertakes the obligation to serve as trustee in all cases filed within the district. She cannot know in advance which cases will actually arise or the degree of effort they will require. Her agreement to accept the percentage fee in exchange for a commitment to undertake all of the district's active trusteeship duties is thus based on a calculation of the average effort required compared with the average payments involved. The cases in which she receives greater compensation will presumably be counterbalanced by those for which her fees will be minimal.

*Id.*, at 980 F.2d 645. Although this observation referred to a trustee's fee fixed by the Attorney General and is not subject to judicial review, as are trustee's fees in Chapter 7 and Chapter 11 cases, it is equally applicable to Chapter 7 and Chapter 11 cases. A member of the district's panel of Chapter 7 trustees, as well as a trustee who has agreed to take Chapter 11 cases, does not know which cases will have assets nor the time and effort they will entail. 11 U.S.C. § 326(a) provides a framework for compensation based on a percentage of disbursements from the estate, which presum-

ably, over time, will allow a stable level of compensation to trustees, even though payments for individual cases may vary widely.

■ The primary source for determining the meaning of a statute is the words of the statute itself, and where such words are clear and unambiguous the Court need look no further for expressions of Congressional intent. *United States v. Ron Pair Enterprises*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); *In re Berglund Construction Co., Inc.*, 142 B.R. 947, 948–949 (Bankr.E.D.Wash.1992). Further, a specific provision, such as § 326, will generally take precedence over a more general provision, such as § 330. *In re Berglund Construction Co., Inc.*, 142 B.R. at 949.

On its face, § 330(a)(1) indicates that it is "subject to sections 326, 328, and 329 of this title ..." Although § 330 clearly authorizes the use of paraprofessionals by trustees in administering cases, the paraprofessionals in the instant case performed duties which are duties of the trustee under 11 U.S.C. § 704 and § 1106, and § 326 by its plain language prescribes the limits of compensation allowed to trustees for performing trustee duties. The Court concludes that the Code sections mean what they say—that a trustee may hire a paraprofessional to assist in the performance of trustee duties, and may seek compensation for the payment of that professional subject to the reasonableness standards of 330, but may not receive compensation exceeding the maximum set forth in § 326.

■ Therefore, neither hourly charges for paralegals nor other expenses may result in a trustee being awarded a fee in excess of the limits established by § 326(a) for the performance of trustee duties. In larger cases, it may well be helpful for a trustee to submit his own time records as well as those of his paralegal to assist the Court in determining whether the maximum fee is reasonable, pursuant to § 330(a), or whether a reduced fee should be awarded. However, submission of such records does not entitle the trustee to compensation for the hours claimed. "The determination of a maximum limit under sec-

tion 326 does not create an entitlement to that amount." *In re Orthopaedic Technology, Inc., supra,* at 97 B.R. 601. If the case is one in which the performance of the trustee's duties under § 704 or § 1106 requires him to use the services of a professional or paraprofessional, 11 U.S.C. § 327(a) allows a trustee to employ professionals. As the Bankruptcy Court for the Eastern District of Virginia stated:

> It appears to the Court that if the trustee required the services of a paralegal to do substantive legal work that an attorney would otherwise have to do, then the Court should have oversight over the necessity of the services and the "disinterestedness" of the paralegal or the party responsible for the paralegal. On the other hand, if the trustee needed a paralegal to perform trustee duties that the trustee would otherwise have to perform, then no court approval is necessary, but the paralegal's compensation comes out of the trustee's statutory payment.

*In re Hagan,* 145 B.R. 515, 519 (Bankr. E.D.Va.1992), *citing In re Stoecker,* 118 B.R. 596 (Bankr.N.D.Ill.1990).

The Court understands that the efficient functioning of the bankruptcy system depends on the efficient administration of cases by trustees. However, the Court also believes that the compensation system serves to assure trustees compensation in an amount commensurate with that for comparable services, rather than providing for a profit on every estate containing assets. *In re Blue,* 146 B.R. 856, 858 (Bankr. W.D.Okl.1992).

> Obviously the purpose of providing a service is to profit overall, but businesses incur losses from any single contract and sometimes incur losses over the course of time. The business of bankruptcy trustee is no different than any other business in that regard.

*Id.*

As the Court in *In re Berglund Construction* pointed out, Courts have generally agreed that a bankruptcy estate should not be required to pay additional attorney's fees for work that should have been performed by the case trustee. 142 B.R. at 949, n. 2. Similarly, an estate should not be required to pay additional compensation to a paralegal for performing trustee duties. *Id.* Permitting a trustee to recover paralegal expenses, or indeed any expenses, over and above the maximum fee, without additional authorization under § 327, renders § 326 meaningless, and creates the danger of abuse in trustee fee applications. *Id.,* at 142 B.R. 949.

CONCLUSION

For the above reasons, it is

ORDERED that the trustee's Application is approved in the amount of $850.84, representing the maximum percentage fee under 11 U.S.C. § 326(a). The Court will consider the Supplement as documentation of the request for the maximum percentage fee, and it is

FURTHER ORDERED that the Application's request for $801.00 in expenses is hereby denied.

**ORDER DENYING TRUSTEE'S MOTION FOR RECONSIDERATION**

THIS MATTER comes before the Court on the Trustee's Motion for Reconsideration of Order Denying Reimbursement of Trustee's Costs and Request for Rehearing, filed on February 22, 1993. The Motion came on for hearing on March 23, 1993. Based upon its review of the Motion and the arguments advanced by the Trustee at the hearing, as well as the Trustee's Supplemental Brief, filed April 27, 1993, the Court finds no basis upon which to alter or amend its Order of February 10, 1993.

At the hearing, and in his brief, the Trustee argues that paralegal expenses are allowable under 11 U.S.C. § 330(a) and 11 U.S.C. § 326(a). The Court's February 10, 1993 Order did not state that paralegal fees are not allowable. It stated that they are not allowable separate from the cap on total compensation for performance of trustee duties set forth in 11 U.S.C. § 326(a). In addition, the February 10, 1993 Order provides that in those cases warranting professional assistance, a trust-

ee may file an application to employ a paralegal as a professional under 11 U.S.C. § 327(a). The Court believes that the clear language of these companion Code sections creates a framework under which a trustee's compensation is limited, but does not preclude the hiring of a professional in appropriate cases.

In a case issued shortly after the February 10, 1993 Order, the Bankruptcy Court for the Central District of California evaluated a similar case. *In re Stewart*, 151 B.R. 255 (Bankr.C.D.Cal.1993). In determining that a Chapter 11 trustee could not receive compensation for paralegals performing trustee duties when the total fees requested by the trustee exceeded the § 326(a) limit, the Court stated:

By its terms, § 330(a)(1) is expressly subject to § 326(a). Section 326(a) sets limits on amounts a trustee may receive for trustee services. Section 330(a)(1) permits the trustee to recover reasonable and necessary paraprofessional fees, subject to the statutory limits on compensation in § 326(a). Congressional intent is clear. A trustee should not receive compensation for trustee services beyond the § 326(a) limits. Courts should not allow trustees to circumvent § 326(a) by shifting trustee services to paraprofessionals. The concept behind encouraging the use of paraprofessionals to perform trustee services was not to increase the costs of estate administration, but rather to reduce them by giving trustees the flexibility to be more efficient in performing their duties. The intent was certainly not to encourage trustees to collect more than the § 326(a) limits by merely shifting the trustee duties to paraprofessionals. Such a result would be contrary to Congressional intent to limit trustee compensation in the administration of bankruptcy cases.

*Id.* at 151 B.R. 258–259. In so finding, the Court declined to follow the reasoning in *Cavazos v. Simmons*, 90 B.R. 234 (Bankr. N.D.Tex.1988) and *In re Orthopaedic Technology, Inc.*, 97 B.R. 596 (Bankr. D.Colo.1989). Although it recognized that Congress meant to encourage the use of paraprofessionals, the Court went on to note:

Although the legislative history indicates that § 330(a)(1) was enacted to encourage attorneys to use paraprofessionals to reduce costs of administering bankruptcy estates, and says nothing about the use of paraprofessionals, it can safely be said that the same goal applies for trustees as attorneys. However, this being said, it does not mean that this laudable goal somehow excuses compliance with the § 326(a) limits.

*Id.*, at 151 B.R. 259. On the same grounds, this Court can find no basis to alter or amend its February 10, 1993 Order.

Even if certain expenses could be allowed in excess of the statutory limit, the language of § 330(a)(1) and (2) provides that a Court may award reasonable compensation to a trustee and any paraprofessional employed *and* reimbursement for actual and necessary expenses. The statute itself therefore separates the awards of compensation and expenses, and places paralegal fees in the category of compensation. This, combined with the limitation on compensation contained in § 326(a) offers further support for a conclusion that paralegal fees may not be recovered in excess of the § 326(a) limitation, and are clearly compensation rather than an expense.

Like the Court in *In re Berglund*, 142 B.R. 947, 949, n. 3 (Bankr.E.D.Wash 1992), this Court sympathizes with trustees' difficulty in balancing the often extensive services required of them with the costs of case administration. In addition, the Court finds no evidence of abuse in the current practice in this district, and appreciates that the instant ruling will require trustees to reevaluate expected compensation and to change their billing practices. However, any change in the system of trustee compensation created by the Bankruptcy Code must be made by Congress, not the Courts. As it now stands, the unambiguous statutory language compels the Court to find that a trustee may not receive reimbursement for paraprofessional fees exceeding the limits of § 326(a), and that paraprofessional fees are not recoverable as expenses.

For the above reasons, it is hereby

ORDERED that the Trustee's Motion for Reconsideration is hereby DENIED.