**In re Charles Henry JENKINS, Jr., Debtor.**

**Bankruptcy No. 93–01109–A7.**

United States Bankruptcy Court, S.D. California.

Aug. 25, 1994.

Michael Y. MacKinnon, Sullivan, Hill, Lewin & Markham, San Diego, CA, for debtor.

Mary Testerman, Office of the U.S. Trustee, San Diego, CA.

### MEMORANDUM DECISION

LOUISE DeCARL ADLER, Bankruptcy Judge.

Ralph Boldt, Chapter 7 Trustee, filed a Notice of Intent to Distribute Estate which included fees for paraprofessional services and certain costs for case file storage. The United States Trustee opposes the distribution, stating that the Chapter 7 Trustee may not receive compensation over the statutory cap of 11 U.S.C. § 326(a) even if the duties were performed by a paraprofessional. Additionally, the United States Trustee believes the Chapter 7 Trustee failed to establish that the file storage fees are actual and necessary under § 330(a)(2).

## FACTUAL SUMMARY

The Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 U.S.C. on February 3, 1993. Ralph Boldt was appointed Trustee on February 8, 1993.

Mr. Boldt employed Carla Ilfeld, a paraprofessional, to provide necessary services to make distributions to creditors. Ms. Ilfeld's services included preparing the Final Report, Notice of Intent to Distribute Estate, Application to Pay Expenses, and review of claims. Mr. Boldt seeks compensation for the paraprofessional services in the invoiced amount of $353.00. The Trustee does not make a direct profit from the services. In addition to the fees for the paraprofessional services, the Trustee seeks the statutory maximum compensation for his own services.

The Trustee also seeks to recover for closed file storage. The United States Trustee requires files be stored two years following closing of the case. The Trustee employed Bonded Liquidators, which charged $120 for two years storage. The Trustee is the 100% owner of Bonded Liquidators, and Bonded Liquidators is located within the offices of the Trustee.

The five dollar per month fee was calculated by dividing the number of usable square feet of space in the storage area into the cost for rent, janitorial services, and utilities, then adding an estimated charge for file access and requests for documents. The five dollar figure is a flat fee that is charged to all asset cases.

## ISSUES

1. Whether, in addition to recovering the statutory maximum compensation for his services, the Chapter 7 Trustee may also recover compensation for duties performed by paraprofessionals?

2. Whether the Trustee may average the cost of file storage among his case load and recover this amount from the estate?

## DISCUSSION

■ Bankruptcy courts are divided on the issue of compensation for paraprofessionals. *In re Abraham*, 163 B.R. 772, 785 (Bankr. W.D.Tex.1994). Some courts have held that the trustee cannot receive compensation for paraprofessionals performing trustee services when the total fees requested exceed the Bankruptcy Code's limits on trustee compensation. *In re Stewart*, 151 B.R. 255 (Bankr. C.D.Cal.1993); *In re Santangelo and Company, Inc.*, 156 B.R. 62 (Bankr.D.Colo.1993). Other courts have held the statutory limits on compensation for trustee's services do not apply to paraprofessionals employed by the trustee. *Cavazos v. Simmons*, 90 B.R. 234, 240–241 (N.D.Tex.1988); *Abraham*, at 793. For the reasons discussed below, this Court holds that a trustee may recover the cost of paraprofessional services.

Trustee compensation is controlled by 11 U.S.C. §§ 326 and 330(a)(1). 11 U.S.C. § 326 provides a cap on compensation of the trustee for the trustee's services. *Abraham*, at 780. 11 U.S.C. § 326 provides:

(a) In a case under Chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1000 or less, six percent on any amount in excess of $1000 but not in excess of $3000, and three percent on any amount in excess of $3000, upon all moneys distributed to turned over in the case by the trustee to parties in interest, excluding the debtor, but including holder's of secured claims.

■ Thus there is a maximum that the trustee may recover from the estate for services provided by the trustee. While trustee duties are defined under § 704, trustee services are not defined by the Code. *Abraham*, at 780. The trustee is compensated for his services in the case, not for the duties given to him.

■ The United States Trustee argues that the Trustee may not receive compensation for paraprofessionals to whom he delegated his duties under § 704 while contemporaneously receiving the statutory maximum for his own services. But, delegation of trustees duties is essential to efficient case administration, and trustees routinely delegate many of their duties. *Id.* at 777. The only duty the trustee may not delegate is the

ultimate responsibility for administration of the case. *Id.* at 779. Therefore, it is the trustee's responsibility to see that all the duties listed in § 704 are performed, and there is nothing in the Code that prevents the trustee from delegating these duties.

 The Court is mindful that separate compensation for paraprofessionals may lend itself to abuse. A trustee could delegate away all the work except, of course, his ultimate responsibility. If such a trustee were to bill the statutory maximum for his services in addition to fees from the delegatee, then it would soon become evident that he was charging more than necessary to administer the estate. This potential abuse can be prevented by the monitoring of the trustee panel by the United States Trustee. The court may also reduce the compensation for a trustee who delegates too many duties. Finally, the trustee may only recover the actual cost billed by the paraprofessionals. Compensation to paraprofessionals should not be used as a tool to circumvent the statutory limits on trustee compensation for his services.

While the trustee is permitted to employ a paraprofessional to assist him and have the paraprofessional paid out of the estate, the paraprofessional may not be used for secretarial services except in extraordinary cases in which such services are actual and necessary. *In re United States Trustee,* 94 Daily Journal D.A.R. 10992, 10994–95 (9th Cir.1992). In this case, Ms. Ilfeld's services were not secretarial. Ms. Ilfeld performed unique services that may have saved the Trustee from hiring an accountant or attorney. Employment of Ms. Ilfeld was proper and should be billed to the estate.

In contrast, the Trustee's fees for closed file storage was not proper. Under § 330(a)(2), "the court may award to a trustee ... reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(2) (1988); *United States Trustee,* at 10993. An expense is not actual if it is based on "any sort of guesswork, formula, or pro rata allocation. Concrete evidence, in the form of receipts and invoices, is necessary to support any application for reimbursement." *In re*

*Williams,* 102 B.R. 197, 199 (Bankr.N.D.Cal. 1989).

In this case, the storage charge is based on allocation and guesswork. The Trustee's offer to reduce the charge by one-half indicates that the charge is not based on concrete evidence. The Trustee must show that the charges are actual and necessary, and that the charge is specific to the storage requirements of this case.

### CONCLUSION

The Trustee is entitled to employ paraprofessionals to assist him in performing delegated duties and may seek compensation for the actual cost of the paraprofessionals. In order to recover closed file storage fees, the Trustee must prove the expense is necessary, and concrete documentation of the actual costs of such storage must be provided.

This Memorandum Decision is in lieu of findings of fact and conclusions of law. Mr. Boldt is directed to prepare an order in accordance with this Memorandum Decision within ten (10) days of the date of entry.