**In re Charles Henry JENKINS, Jr., Debtor.**

**UNITED STATES TRUSTEE, Appellant,**

**v.**

**Ralph O. BOLDT, Trustee of the Estate of Charles Henry Jenkins, Jr., Appellee.**

**BAP No. SC–94–2301 CAsO.
Bankruptcy No. 93–01109–A7.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 21, 1995.

Decided Oct. 18, 1995.

Mary M. Testerman, San Diego, CA, for Appellant U.S. Trustee.

Michael Y. MacKinnon, San Diego, CA, for Appellee Boldt.

Before CARLSON [1], ASHLAND and OLLASON, Bankruptcy Judges.

## *OPINION*

CARLSON, Bankruptcy Judge.

The sole question raised in this appeal is whether a trustee who has been awarded the maximum compensation permissible under 11 U.S.C. § 326(a) [2] may receive additional compensation for services performed by a paraprofessional employed by the trustee. We hold that such additional compensation is barred by section 326(a) and REVERSE the contrary ruling of the bankruptcy court.

## FACTS

Appellee Ralph O. Boldt is the trustee in the above-entitled chapter 7 case. In the course of administering the bankruptcy estate, trustee Boldt disbursed $308.00 to Carla Ilfeld for bookkeeping services performed for the estate. Ms. Ilfeld's services totalled 6.1 hours, and consisted primarily of reviewing claims and preparing the trustee's final re-

---

1. Honorable Thomas E. Carlson, Chief Bankruptcy Judge for the Northern District of California, sitting by designation.

2. All statutory references are to the United States Bankruptcy Code, Title 11 of the United States Code.

port. She charged the estate $45.00 per hour for those services. Ms. Ilfeld is not an in-house employee in trustee Boldt's office and Boldt made no profit on her services. Ms. Ilfeld was not appointed by the court under section 327(a).

Upon completing administration of the estate, Boldt filed a Notice of Intent to Distribute Estate. The United States Trustee objected to Boldt's proposal to pay himself the maximum trustee compensation permissible under section 326(a) in light of the prior distribution to Ms. Ilfeld. The United States Trustee argued that section 326(a) limits the total compensation paid to the trustee for both services performed by the trustee personally and for services performed by a paraprofessional person employed by the trustee.

The bankruptcy court overruled the objection of the United States Trustee in a published opinion holding that section 326(a) limits only the compensation paid to a trustee for services performed by the trustee personally. The court held that section 326(a) does not prevent the payment of additional compensation for services performed by a paraprofessional person employed by the trustee, so long as the trustee does not make any profit on those paraprofessional services. *In re Jenkins,* 171 B.R. 104, 106–07 (Bankr. S.D.Cal.1994). The United States Trustee timely appealed.

### JURISDICTION

This court has jurisdiction to review final orders entered by the bankruptcy court. 28 U.S.C. § 158(a) and (b). The order appealed from here is a final one because it resolved all issues regarding the trustee's compensation and the distribution of the assets of the estate. *See In re NSB Film Corp.,* 167 B.R. 176, 180 (Bankr. 9th Cir.1994).

### ISSUE ON APPEAL

The sole issue on appeal is whether section 326(a) limits the total compensation that a trustee may receive for both services performed by the trustee personally and for services performed by a paraprofessional person employed by the trustee, or whether it limits only the compensation for services performed by the trustee personally.[3]

### STANDARD OF REVIEW

■ This panel reviews the conclusions of law of the bankruptcy court *de novo. In re Nucorp Energy, Inc.,* 764 F.2d 655, 657 (9th Cir.1985).

### DISCUSSION

■ Section 326(a) limits the compensation that a trustee may receive for "the trustee's services" to a percentage of the money disbursed to creditors.

In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, and three percent on any amount in excess of $3,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).[4]

Section 330(a) authorizes the payment of compensation for services performed by a paraprofessional employed by a trustee.

After notice to any parties in interest and to the United States trustee and a hearing, and *subject to sections 326, 328, and 329 of this title,* the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any para-

3. The United States Trustee also objected to trustee Boldt's claim to recover $120 for the cost of storing case files. The bankruptcy court sustained the objection, *Jenkins,* 171 B.R. at 107, and trustee Boldt did not appeal that ruling.

4. Section 326(a) was amended by the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106 §§ 107, 702 (1994). The amendment raises the limit on trustee compensation. The amendment applies only in cases filed on or after October 22, 1994 and is not applicable to the present case.

professional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a) (emphasis added).[5]

The central question in the this case is what Congress intended the term "trustee's services" to encompass in enacting the section 326(a) limitation on compensation for such services. Appellant United States Trustee contends that the term includes both services performed by the trustee personally and services performed by any paraprofessional assisting the trustee. Appellee chapter 7 trustee contends that because section 330(a) refers to both services performed by the trustee and services performed by a paraprofessional employed by the trustee, the term "trustee's services" in section 326(a) includes only services performed by the trustee personally.

Neither the statutory language nor the legislative history provides any direct answer. The term "trustee's services" is not defined in either the Code or the legislative history. Furthermore, although section 330(a) states that it is "subject to" section 326, neither the Code nor the legislative history explains the relationship between the section 326(a) limitation on compensation for "trustee's services" and the language in section 330(a) referring to services "rendered by such trustee ... and by any paraprofessional persons employed by such person."

The courts have split on the issue. A majority of the published decisions hold that section 326(a) limits the compensation that a trustee may receive for both services performed personally and services performed by a paraprofessional. *In re Asher,* 171 B.R. 690, 691–92 (D.Colo.1994); *In re Santangelo and Co., Inc.,* 156 B.R. 62, 64 (Bankr.D.Colo.

1993); *In re Stewart,* 151 B.R. 255, 258–60 (Bankr.C.D.Cal.1993); *In re Blue,* 146 B.R. 856, 858 (Bankr.W.D.Okla.1992); *In re Hagan,* 145 B.R. 515, 517–18 (Bankr.E.D.Va. 1992); *In re Berglund Construction Co., Inc.,* 142 B.R. 947, 948–49 (Bankr.E.D.Wash.1992) *(en banc); In re Lanier Spa, Inc.,* 99 B.R. 490, 491–92 (Bankr.N.D.Ga.1989); *In re Prairie Central Railway Co.,* 87 B.R. 952, 959 (Bankr.N.D.Ill.1988). The court below followed the minority view that section 326(a) does not apply to services rendered by a paraprofessional employed by a trustee. *In re Abraham,* 163 B.R. 772, 790 (Bankr. W.D.Tex.1994); *In re Orthopaedic Technology, Inc.,* 97 B.R. 596, 598–99 (Bankr.D.Colo. 1989); *Cavazos v. Simmons,* 90 B.R. 234, 239–40 (N.D.Tex.1988). *See also In re Hance Meyer, Inc.,* 161 B.R. 839, 840 n. 1 (Bankr.N.D.Cal.1993).

For the reasons stated below, we agree with the majority view and hold that the term "trustee's services" in section 326(a) includes both services performed by the trustee personally and services performed by a paraprofessional employed by the trustee.

First, the language of section 330(a) treats services performed by paraprofessionals employed by the trustee as a part of the trustee's services. Section 330(a) authorizes payment of compensation only to a trustee, an examiner, a professional person employed under section 327 or 1103, or the debtor's attorney. It does not authorize the estate to pay compensation directly to a paraprofessional. The statutory language regarding paraprofessionals merely permits the compensation paid to the trustee, etc., to be calculated in light of both the services performed by the trustee personally and the services performed by any paraprofessional persons working under the trustee. This approach is consistent with the nature of paraprofessional services. A paraprofessional helps a supervising professional perform professional services.[6] Thus, a paraprofessional working for a trustee is a paratrustee, helping the trustee to perform "trustee's services."

5. Section 330(a) was amended by the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106 §§ 224, 702 (1994). The amendment applies only in cases filed on or after October 22, 1994 and is not applicable to the present case.

6. The dictionary defines "paraprofessional" as "a person trained to assist a professional, such as a doctor's assistant or a part-time teaching assistant." Random House College Dictionary 965 (rev. ed. 1980).

Second, to permit trustees to obtain the maximum compensation permitted under section 326(a) and to recover additional funds based on services performed by paraprofessionals would frustrate Congress's intent to limit trustee compensation. Section 326(a) expressly limits a trustee's compensation to a percentage of the funds distributed to creditors. It is well established that a trustee may not evade the limitation imposed by section 326(a) by hiring other people to perform the trustee's duties. A trustee may employ professionals only for those tasks that require special expertise beyond that expected of an ordinary trustee. *See In re J.W. Knapp Co.*, 930 F.2d 386, 388 (4th Cir. 1991); *In re McKenna*, 93 B.R. 238, 241–42 (Bankr.E.D.Cal.1988). Section 328(b) provides that an attorney or accountant may not receive compensation for the "performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant."[7] It would be inconsistent to allow compensation in excess of the section 326(a) limitation where a paraprofessional performs duties within the competence of an ordinary trustee, when the same services would not be compensable if performed by an accountant or an attorney. *See Santangelo*, 156 B.R. at 65; *Berglund*, 142 B.R. at 949 n. 2; *Lanier Spa*, 99 B.R. at 491; *Prairie Central*, 87 B.R. at 959. To allow a trustee to obtain payment in excess of the section 326(a) limitation simply by delegating ordinary trustee duties to a paraprofessional would render section 326(a) meaningless. *See Santangelo*, 156 B.R. at 65; *Stewart*, 151 B.R. at 259; *Hagan*, 145 B.R. at 517–18; *Berglund*, 142 B.R. at 949.

Third, the approach we adopt is fully consistent with the purpose of the language in section 330(a) regarding paraprofessionals. The legislative history states that this language was intended to reduce costs of administration by encouraging attorneys to use paralegals. Section 330(a) encourages use of paralegals by providing that paralegal services can be billed on the same terms as attorney services.

> This subsection provides ... for compensation of paraprofessionals employed by professional persons employed by the estate of the debtor. The provision is included to reduce the cost of administering bankruptcy cases. In nonbankruptcy areas, attorneys are able to charge for a paraprofessional's time on an hourly basis, and not include it in overhead. If a similar practice does not pertain in bankruptcy cases, then the attorney will be less inclined to use paraprofessionals even where the work involved could easily be handled by an attorney's assistant, at much lower cost to the estate. This provision is designed to encourage attorneys to use paraprofessional assistance where possible, and to insure that the estate, not the attorney, will bear the cost, to the benefit of both the estate and the attorneys involved.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 330 (1977), 1978 U.S.C.C.A.N. 5787, 5963, 6286. Under our interpretation, the trustee has the same incentive as the estate's attorneys to use paraprofessionals, because charges for time expended by the trustee's paraprofessionals may be billed to the estate on the same terms as charges for the trustee's time. Appellee seeks to have services performed by a trustee's paraprofessional treated more fa-

---

The American Bar Association defines a legal assistant as:

> a person, qualified through education, training or work experience; who is employed or retained by a lawyer, law office, governmental agency, or other entity in a capacity or function which involves the performance, under the ultimate direction and supervision of an attorney, of specifically delegated substantiative [sic] legal work, which work, for the most part, requires a sufficient knowledge of legal concepts that, absent such assistant, the attorney would perform the task.

"A Legal Assistant As Defined By The American Bar Association," ABA Board of Governors, February, 1986 (cited in *In re Busy Beaver Building

*Centers, Inc.*, 133 B.R. 753, 756 (Bankr.W.D.Pa. 1991), *remanded*, 19 F.3d 833 (3rd Cir.1994)).

7. Section 328(b) provides:

> If the court has authorized a trustee to serve as an attorney or accountant for the estate under section 327(d) of this title, the court may allow compensation for the trustee's services as such attorney or accountant only to the extent that the trustee performed services as attorney or accountant for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate.

vorably than services performed by the trustee personally. Under the interpretation Appellee urges, services would be compensable if performed by a paraprofessional, although the same services would not be compensable if performed by the trustee personally and the trustee had already received maximum compensation. Congress intended to encourage trustees to delegate their duties where such delegation would *lower* costs of administration. Nothing in section 330(a) or its legislative history suggests that Congress intended section 330(a) to *increase* costs of administration by creating a loophole in the section 326(a) limitation on trustee compensation. *See Stewart,* 151 B.R. at 259.

The services performed by the paraprofessional in the present case were of a type ordinarily performed by a trustee without the assistance of a professional. Ms. Ilfeld helped the trustee review claims and prepare his final account. A trustee must be deemed competent to prepare a final account. Similarly, a trustee must be deemed competent to perform at least the initial review of claims. Appellee's counsel acknowledged at oral argument that nothing in the record would support a finding that review of the claims in question required expertise beyond that expected of an ordinary trustee. We therefore determine that the services performed by Ms. Ilfeld constitute "trustee's services" subject to the section 326(a) limitation.

■■ Even if the services performed by Ms. Ilfeld did require expertise beyond that expected of an ordinary trustee, we would deny compensation for such services outside the section 326(a) limitation because Ms. Ilfeld was not appointed under section 327(a). Section 327(a) requires court approval before the trustee may hire a professional. Federal Rule of Bankruptcy Procedure 2014(a) requires that the application for employment of a professional describe the services to be rendered and the need for those services. The purpose of these requirements is to protect the estate against claims by volunteers performing unnecessary services. *See In re Haley,* 950 F.2d 588, 590 (9th Cir.1991); *Hagan,* 145 B.R. at 518. Similar considerations lead us to conclude that a trustee may receive compensation in excess of the section 326(a) limitation for the services of a paraprofessional only if the trustee obtains prior court approval for the employment of that paraprofessional. To the extent Ms. Ilfeld, a bookkeeper, performed services requiring expertise beyond that expected of an ordinary trustee, she in substance performed professional accounting services. The trustee should have complied with the requirements of section 327(a) and Rule 2014 in employing Ms. Ilfeld to perform professional services. *Santangelo,* 156 B.R. at 65; *Hagan,* 145 B.R. at 519.

## CONCLUSION

■■ A trustee may delegate performance of his or her duties to a paraprofessional. A trustee may receive compensation for the services performed by a paraprofessional at the market rate for such services, so long as the total compensation paid the trustee for services performed by the trustee and by the paraprofessional does not exceed the section 326(a) limitation. A trustee may receive total compensation in excess of the section 326(a) limitation only where the paraprofessional has been appointed under section 327(a) and the services performed by the paraprofessional require expertise beyond that expected of an ordinary trustee. The decision of the Bankruptcy Court is **REVERSED.**