In re Charles Henry JENKINS,
JR., Debtor.

Ralph O. BOLDT, Trustee of the Estate
of Charles Henry Jenkins, Jr.,
Appellant,

v.

UNITED STATES TRUSTEE, Appellee.

No. 95–56743.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 1997.

Decided Dec. 3, 1997.

Michael Y. MacKinnon, Pyle, Simms, Duncal & Stevenson, San Diego, California, for appellant.

Mary M. Testerman, Office of the United States Trustee, San Diego, California, and P. Matthew Sutko, Executive Office for United States Trustees, United States Department of Justice, Washington, DC, for appellee.

Before: FLETCHER and PREGERSON, Circuit Judges, and WEXLER,* District Judge.

* Honorable Leonard D. Wexler, Senior United States District Judge for the Eastern District of

WEXLER, District Judge:

Appellant Ralph O. Boldt, the Chapter 7 trustee in the debtor's bankruptcy case (the "Trustee"), appeals from an order of the Bankruptcy Appellate Panel of the Ninth Circuit ("BAP"), *United States Trustee v. Boldt (In re Jenkins)*, 188 B.R. 416 (9th Cir. BAP 1995), reversing an order of the United States Bankruptcy Court for the Southern District of California, *In re Jenkins*, 171 B.R. 104 (Bankr.S.D.Cal.1994). In administering the debtor's estate, the Trustee hired a paraprofessional who performed certain routine trustee duties; the paraprofessional was not employed under Bankruptcy Code § 327(a), 11 U.S.C. § 327(a), which authorizes a trustee to employ professionals with bankruptcy court approval. Upon the Trustee's application, the bankruptcy court awarded the Trustee compensation for the cost of the paraprofessional's services, in addition to awarding the Trustee, for services performed by the Trustee, the maximum compensation allowable under Bankruptcy Code § 326(a), 11 U.S.C. § 326(a). The BAP reversed the bankruptcy court's award for the paraprofessional's services, holding that a trustee may receive compensation for trustee duties performed by a paraprofessional employed by the trustee, provided the total compensation to the trustee for services performed by the trustee and by the paraprofessional does not exceed the § 326(a) limit. We have jurisdiction under 28 U.S.C. § 158(d). Because we agree with the BAP's opinion, we affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

The facts are undisputed and can be summarized as follows: On February 3, 1993, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. Thereafter, the Trustee was appointed as the Chapter 7 trustee. In administering the debtor's estate, the Trustee hired a bookkeeper, Carla Ilfield ("Ilfield"), to assist in estate administration. Ilfield was not an in-house employee of the Trustee and was not employed under

New York, sitting by designation.

§ 327(a). The Trustee paid Ilfield a total of $353.50 from bankruptcy estate funds for her services, which she described in her bill to the Trustee as follows:

| Date | Description | Hours |
|---|---|---|
| 5/03/93 | Review TEE's file, ledger, EPR | 1.0 hours |
| 5/07/93 | Set up file; request mailing list; statement, check request & check | .3 hours |
| 8/05/93 | Review claims; request special changes | .8 hours |
| 8/11/93 | Request production docket | .1 hours |
| 8/24/93 | Conference Jenkins re Notice of Intent to Levy | .2 hours |
| 12/14/93 | Prepare Final Report, Notice of Intent to Distribute Estate, CSD 2110 | 4.0 hours |
| | Follow-up, ORNIACT | 1.0 hours |

The Trustee made no profit on Ilfield's services.

The Trustee filed a Notice of Intent to Distribute Estate, seeking, *inter alia,* approval for the payment of paraprofessional Ilfield's services from estate funds in the amount of $353.50 and payment to the Trustee for his own services in the amount of $912.23, the latter amount representing the maximum compensation allowable to a trustee under § 326(a). The United States Trustee ("UST") objected to the Trustee's request for approval of compensation for Ilfield's services, arguing that § 326(a) limits the total compensation that a trustee may receive for services performed personally by the trustee or by a paraprofessional employed by the trustee. The bankruptcy court overruled the UST's objection and held that § 326(a) limits the compensation of a trustee for services performed by the trustee, but does not limit compensation to a trustee for the actual cost of trustee duties performed by paraprofessionals he employs. 171 B.R. at 107. Accordingly, the bankruptcy court awarded the Trustee compensation for Ilfield's paraprofessional services, in addition to awarding him, for services he performed personally, the maximum compensation allowed under § 326(a).

The UST then appealed the bankruptcy court's order to the BAP, which reversed the bankruptcy court's award of compensation for the paraprofessional's services. The BAP held that a trustee may receive compensation for trustee duties performed by a paraprofessional employed by the trustee, provided the total compensation to the trustee for services performed by the trustee and by the paraprofessional does not exceed the § 326(a) limit. 188 B.R. at 419. The BAP further concluded that a trustee may receive total compensation in excess of the § 326(a) limit only where the paraprofessional has been employed under § 327 and the services performed by the paraprofessional require expertise beyond that expected of an ordinary trustee. *Id.*

The Trustee now appeals the BAP's order. We review de novo the BAP's order, which raises an issue of statutory construction on undisputed facts. *See In re Nucorp Energy, Inc.,* 764 F.2d 655, 657 (9th Cir.1985).

## DISCUSSION

The Trustee's compensation in this matter is governed by Bankruptcy Code §§ 326(a) and 330(a)(1). *See* 11 U.S.C. §§ 326(a), 330(a)(1).[1] Section 330(a)(1) authorizes the bankruptcy court to award compensation to a trustee. At the relevant time, § 330(a)(1) provided:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and *subject to sections 326, 328, and 329 of this title, the court may award to a trustee,* to an examiner, to a professional person employed under section 327

---

**1.** Sections 326(a) and 330(a)(1) were amended in 1994. *See* Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, §§ 107, 224, 702, 108 Stat. 4106, 4111, 4130, 4150 (1994). However, the amendments only apply in cases filed on or after October 22, 1994, and, therefore, are not applicable here. In any event, the amendments do not address the issue presented.

or 1103 of this title, or to the debtor's attorney —

(1) *reasonable compensation for actual, necessary services rendered by such trustee,* examiner, professional person, or attorney, as the case may be, *and by any paraprofessional persons employed by such trustee,* professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title . . . .

11 U.S.C. § 330(a)(1) (emphasis added). Section 326(a), in turn, limits the compensation of a Chapter 7 trustee for "trustee's services" to a percentage of the money disbursed to creditors. At the relevant time, § 326(a) provided:

*In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services,* payable after the trustee renders such services, *not to exceed* fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, and three percent on any amount in excess of $3,000, upon all monies disbursed or turned over in a case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a) (emphasis added).[2]

We must decide whether § 326(a) limits compensation for not only a trustee's personally performed services, but also trustee duties performed by a paraprofessional employed by the trustee. In other words, we must determine whether "trustee's services" as used in § 326(a) encompasses not only a trustee's personally performed services, but also trustee duties performed by a paraprofessional employed by the trustee. If "trustee's services" also includes the latter, then § 326(a) limits the compensation of a Chapter 7 trustee both for services performed by the trustee personally and by a paraprofessional employed by the trustee. We have not previously addressed the issue presented, and there are no reported courts of appeals' decisions on point. However, there is a split in reported lower court decisions addressing this issue.

The majority of reported lower court decisions hold that a trustee may not obtain compensation above the § 326(a) "cap" for trustee duties performed by a paraprofessional employed by the trustee, and that § 330(a)(1) does not authorize a paraprofessional to be compensated independent of the trustee. *See, e.g., Clements v. United States Bankruptcy Court (In re Asher),* 171 B.R. 690, 691 (D.Colo.1994); *In re Santangelo & Co.,* 156 B.R. 62, 64 (Bankr.D.Colo.1993); *In re Stewart,* 151 B.R. 255, 259–60 (Bankr. C.D.Cal.1993); *In re Hagan,* 145 B.R. 515, 517 (Bankr.E.D.Va.1992); *In re Berglund Constr. Co.,* 142 B.R. 947, 949 (Bankr. E.D.Wash.1992); *In re Lanier Spa, Inc.,* 99 B.R. 490, 491 (Bankr.N.D.Ga.1989); *In re Prairie Cent. Ry.,* 87 B.R. 952, 959 (Bankr. N.D.Ill.1988). In other words, the trustee may be awarded compensation under § 330(a)(1) both for services performed by the trustee and for trustee duties performed by paraprofessionals employed by the trustee, with the total compensation limited, however, by the § 326(a) cap.

The minority of reported lower court decisions hold that a trustee who delegates trustee duties to a paraprofessional may recover compensation for the paraprofessional's services without regard to the § 326(a) cap. *See, e.g., In re Abraham,* 163 B.R. 772, 793 (Bankr.W.D.Tex.1994); *In re Orthopaedic Tech., Inc.,* 97 B.R. 596, 599 (Bankr.D.Colo. 1989); *Cavazos v. Simmons,* 90 B.R. 234, 240–41 (N.D.Tex.1988). As the court in *Cavazos* reasoned:

While § 330(a) is subject to § 326, it is only governed to the extent of the express proscription of § 326 and not otherwise. Section 326(a) places a limit on compensation that the bankruptcy court may award under § 330 "for the trustee's services." The section does not purport to cap the compensation of a paraprofessional employed by a trustee. Section 330(a)(1) treats the services of a paraprofessional separately from the services of a trustee.

---

**2.** By the 1994 amendment to § 326(a), Congress increased the maximum compensation. *See* Bankruptcy Reform Act of 1994, Pub.L. No. 103– 394, § 107, 108 Stat. 4106, 4111 (1994). However, as previously noted, this amendment does not apply in this case.

The Code provision permits the court to award reasonable compensation both for services "rendered by [the] trustee" and services rendered "by any paraprofessional persons employed by such trustee." Section 326(a)'s limitation on compensation thus applies literally only to "the trustee for the trustee's services," and § 330(a)(1) instructs that the services are treated as a separate compensable item from the services of a paraprofessional.

*Cavazos,* 90 B.R. at 239. In *Abraham,* the court also rejected the majority view, which it acknowledged is based on the "plain meaning" of the statutes. *See Abraham,* 163 B.R. at 787. The court in *Abraham* believed that to allow a trustee to employ paraprofessionals, and then to subject the trustee's compensation for the paraprofessionals' services to the § 326(a) cap, produces an absurd result, one that punishes, rather than rewards, trustees for employing paraprofessionals. *Id.*

The Trustee, in urging us to adopt the minority view, argues that § 326(a) draws a distinction between "paraprofessional services" and "trustee's services," and limits only compensation for "trustee's services." The Trustee further argues that he can routinely delegate his duties under Bankruptcy Code § 704[3] to a paraprofessional and recover compensation for the paraprofessional's services notwithstanding the § 326(a) cap, because § 704 does not define "trustee's services." In addition, the Trustee argues that compensation for paraprofessional Ilfield's services should not be subject to the § 326 cap because she was an independent contractor rather than an employee of the Trustee. Moreover, according to the Trustee, the practice of permitting employment of paraprofessionals as a cost of the debtor's estate has been in place and unchallenged in the United States Bankruptcy Court for the Southern District of California for over a decade.

The UST urges us to adopt the majority view. The UST argues, *inter alia,* that the minority view creates an independent compensation scheme for paraprofessionals where none exists in the Code.

■ We reject the Trustee's arguments and adopt the majority view, as did the BAP.

Neither the Code nor its legislative history explains the relationship between the § 326(a) limitation on trustee compensation for "trustee's services" and the reference in § 330(a)(1) to "services rendered by such trustee ... and by any paraprofessional persons employed by such trustee." The introductory paragraph to § 330(a) identifies those who may be awarded compensation, such as a "trustee," an "examiner," and a "professional person employed under §§ 327 or 1103," and makes an award to these persons "subject to" other provisions, including the § 326(a) cap on trustee compensation. Section 326(a) limits an award to a trustee for "trustee's services," a phrase not specified in § 330(a)(1) and not defined in the Code. Section 326(a) does not refer to "paraprofessional services." Although § 330(a)(1) authorizes compensation for services "by any paraprofessional persons employed by such trustee," it does not, by its terms, authorize a direct award of compensation to a paraprofessional. Indeed, there is no provision in the Code that allows compensation directly to a paraprofessional, and § 330(a)(1) does not identify a paraprofessional as a person eligible for an award.

■ Although Congress did not define "trustee's services" and did not refer to "paraprofessional services" in § 326(a), we believe the more reasonable interpretation of §§ 326(a) and 330(a)(1) is that § 326(a) limits compensation to a trustee both for services of the trustee and for trustee duties performed by a paraprofessional employed by the trustee. Section 330(a)(1) allows a trust-

---

**3.** A Chapter 7 trustee's duties under § 704 include duties *to:*

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

(2) be accountable for all property received;

. . .

(4) investigate the financial affairs of the debtor;

. . .

(9) make a final report and file a final account of the administration of the estate with the court and with the United States Trustee.

11 U.S.C. § 704.

ee to be compensated, not a paraprofessional employed by the trustee, and identifies the "services" for which a trustee may be compensated, namely, "services rendered by such trustee ... and by any paraprofessional persons employed by such trustee." In turn, § 326(a) limits the trustee's compensation for "trustee's services." Despite the Code's failure to define "trustee's services," we believe that delegated trustee duties performed by a paraprofessional constitute "trustee's services" within the meaning of § 326(a). As the BAP recognized, "a paraprofessional helps a supervising professional perform professional services." 188 B.R. at 419. Logically, a paraprofessional employed by a trustee to help perform trustee duties, such as those identified in § 704, helps the trustee perform "trustee's services."

Paraprofessional Ilfield's services consisted primarily of reviewing claims and preparing the trustee's final report. The BAP specifically found that the "services performed by the paraprofessional in the present case were of a type ordinarily performed by a trustee without the assistance of a professional." 188 B.R. at 421. This finding is not disputed. These services are "trustee's services" whether they are performed by a trustee or the trustee's paraprofessional. Moreover, these services are "trustee's services" regardless of whether the paraprofessional is an employee or an independent contractor.

If Congress intended that a trustee's compensation for services of a paraprofessional employed by the trustee not be subject to the § 326(a) cap on trustee compensation, it could have provided so explicitly. Moreover, if Congress intended for a paraprofessional employed by a trustee to be compensated independent of the trustee's § 326(a) cap, it could have included "paraprofessional person" in subsection (a) of § 330 among those persons who may be compensated independent of the § 326(a) cap on trustee compensation, such as an "examiner" and a "professional person."

We believe that the BAP's interpretation of §§ 326(a) and 330(a)(1) is not only a reasonable construction of the statutory language, but one that reasonably comports with Congress's intent to fairly compensate trustees, while encouraging the use of paraprofessionals. By enacting §§ 326(a) and 330(a)(1), Congress sought to limit trustee compensation and reduce the costs of estate administration. Section 326(a) expressly limits a trustee's compensation to a percentage of funds distributed to creditors. As the BAP held, "to permit trustees to obtain the maximum compensation permitted under section 326(a) and to recover additional funds based on services performed by paraprofessionals would frustrate Congress's intent to limit trustee compensation." 188 B.R. at 420. Similarly, the inclusion of "paraprofessional services" in § 330(a)(1) was intended to reduce, not expand, the costs of administration:

This subsection provides for ... compensation of paraprofessionals employed by professional persons employed by the estate of the debtor. The provision is included to reduce the cost of administering bankruptcy cases. In nonbankruptcy areas, attorneys are able to charge for a paraprofessional's time on an hourly basis, and not include it in overhead. If a similar practice does not pertain in bankruptcy cases, then the attorney will be less inclined to use paraprofessionals even where the work involved could easily be handled by an attorney's assistant, at much lower cost to the estate. This provision is designed to encourage attorneys to use paraprofessional assistance where possible, and to insure that the estate, not the attorney, will bear the cost, to the benefit of both the estate and the attorneys involved.

H.R.Rep. No. 95–595, at 330 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6286; *see also* S.Rep. No. 95–989, at 41 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5827. As the BAP reasoned, just as Congress encouraged attorneys to use paraprofessionals when cost-effective to the estate, "Congress intended to encourage trustees to delegate their duties where such delegation would lower costs of administration." 188 B.R. at 421; *see also Clements*, 171 B.R. at 691 ("Subjecting paralegal services to the § 326(a) cap may cause trustees to reevaluate the use of paraprofessionals and may reduce such usage."); *Stewart*, 151 B.R. at 259 ("The concept behind encouraging the use of paraprofessionals to perform trustee services was not to increase the costs of estate administration, but rather

to reduce them by giving trustees the flexibility to be more efficient in performing their duties."). Moreover, the § 326(a) limitation encourages a trustee's examination of the necessity for and reasonableness of the costs of a paraprofessional's services whether the paraprofessional is an employee or an independent contractor. Although a trustee has the discretion to delegate trustee duties to paraprofessionals, Congress apparently did not intend to encourage a trustee to collect more than the § 326(a) limit by shifting trustee duties to paraprofessionals, whether the paraprofessional is an employee or an independent contractor. *See Stewart*, 151 B.R. at 259; *see also Hagan*, 145 B.R. at 519 ("[I]f the trustee needed a paralegal to perform trustee duties that the trustee would otherwise have to perform, then no court approval is necessary, but the paralegal's compensation comes out of the trustee's statutory payment.").

Whereas the majority view of §§ 326(a) and 330(a)(1) comports with congressional intent to lower the costs of estate administration, the minority view allows a trustee to expand the limits of § 326(a) by delegating trustee duties to paraprofessionals. As one bankruptcy court aptly commented: "The Trustee cannot effectively expand the maximum limits of Section 326(a) by hiring other people to perform his duties for him, whether they are paralegals, attorneys, accountants or other professional persons, and utilize the potentially unlimited scope of Section 330 as a basis for award of reasonable compensation." *Prairie*, 87 B.R. at 959. Further, we believe that the majority view does not compromise a trustee's flexibility in employing paraprofessionals; rather, it would deter abuse and foster prudent use of paraprofessionals, ultimately conserving estate assets and lowering the costs of bankruptcy estate administration, consistent with congressional intent. Whether potential abuse could be prevented by other means does not, in our opinion, justify the minority view, as the bankruptcy court suggests. *See* 171 B.R. at 107 ("[P]otential abuse can be prevented by the monitoring of the trustee panel by the United States Trustee … [and by] reduc[ing] the compensation for a trustee who delegates too many duties.").

■ The Trustee further argues that the statutory maximum of § 326(a) does not adequately compensate trustees, and the UST concedes that it is important that trustees receive adequate compensation. "However, Congress, not the judiciary, must make any necessary changes in the system of trustee compensation created by the Bankruptcy Code." *Clements*, 171 B.R. at 691–92; *see also Stewart*, 151 B.R. at 259 ("[A]llowing Trustee(s) to recover separately [for services of a paraprofessional employed by the trustee] on the argument that present statutory fees are insufficient would undermine Congressional intent to cap Trustee fees under 326(a)."). Indeed, Congress increased trustee compensation as recently as 1994. *See* Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 107, 108 Stat. 4106, 4111 (1994).

■ Even if Ilfield's services were not merely routine trustee duties, the Trustee would not be entitled to compensation for her services above the § 326(a) cap because she was not appointed under § 327, which specifically requires bankruptcy court approval of professionals employed by a trustee. *See* 11 U.S.C. § 327. Section 327 allows trustees to hire professionals to perform services requiring special expertise beyond that expected of an ordinary trustee, and these professionals may be separately compensated for actual, necessary services under § 330(a). Although § 326(a) establishes the maximum compensation that a trustee may receive for administering the debtor's estate, the trustee need not bear costs incurred for appropriate professional services, as the BAP fully recognized. *See* 188 B.R. at 421. We agree with the BAP's conclusion that a trustee may receive total compensation in excess of the § 326(a) limit only where the paraprofessional has been employed under § 327 and the services performed by the paraprofessional require expertise beyond that expected of an ordinary trustee. *Id.*

### CONCLUSION

We conclude that the BAP's interpretation of §§ 326(a) and 330(a)(1) is a reasonable interpretation of the statutes and comports with Congress's intent to fairly compensate trustees, while encouraging the use of para-

professionals. Accordingly, we agree with the BAP's conclusion that both the services performed personally by the trustee and trustee duties performed by a paraprofessional employed by a trustee are subject to the § 326(a) limit on trustee compensation. We also agree with the BAP's conclusion that a trustee may receive total compensation in excess of the § 326(a) limit only where the paraprofessional has been employed under § 327 and the services performed by the paraprofessional require expertise beyond that expected of an ordinary trustee. Therefore, we affirm the BAP's order.

AFFIRMED.