NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 28 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIM D. SMITH, Attorney,<br><br>        Appellant,<br><br> v.<br><br>UST - UNITED STATES TRUSTEE,<br>PHOENIX,<br><br>        Appellee. | No. 24-173<br><br>BAP No.<br>23-1049<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty, Corbit, and Faris, Bankruptcy Judges, Presiding

Submitted October 24, 2024[**]
Phoenix, Arizona

Before: M. SMITH, BADE, and FORREST, Circuit Judges.

Appellant Jim D. Smith appeals from a decision of the Bankruptcy Appellate

Panel (BAP) affirming the bankruptcy court's order granting relief under Federal

Rule of Civil Procedure 60(b) from its prior order awarding Smith attorney's fees

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and reducing the award of attorney's fees. We review decisions of the BAP de novo. *Renwick v. Bennett* (*In re Bennett*), 298 F.3d 1059, 1063 (9th Cir. 2002). We review decisions granting relief under Rule 60(b) for an abuse of discretion. *Flores v. Rosen*, 984 F.3d 720, 731 (9th Cir. 2020). We will not disturb the bankruptcy court's award of attorney's fees in the absence of an abuse of discretion or an erroneous application of law. *L. Offs. of David A. Boone v. Derham-Burk* (*In re Eliapo*), 468 F.3d 592, 596 (9th Cir. 2006). We affirm unless the bankruptcy court "applied the wrong legal standard or its findings were illogical, implausible, or without support in the record." *Johnson v. MGM Holdings, Inc.*, 943 F.3d 1239, 1241 (9th Cir. 2019) (citation omitted). We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291, and we affirm.

1.      Under Rule 60(b)(1), the court may grant relief from a final order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see* Fed. R. Bankr. P. 9024 (making Fed. R. Civ. P. 60 applicable to the Bankruptcy Code). Our precedent forecloses Smith's argument that the bankruptcy court abused its discretion by granting relief in the absence of a motion. *Meyer v. Lenox* (*In re Lenox*), 902 F.2d 737, 740 (9th Cir. 1990) ("Although FRCP 60(b) provides that a court may relieve a party from a final order upon motion, it does not prohibit a bankruptcy judge from reviewing, sua sponte, a

previous order."); *see also Cisneros v. United States* (*In re Cisneros*), 994 F.2d 1462, 1466 n.4 (9th Cir. 1993) (same).

Moreover, the bankruptcy court's statements in its preliminary hearings and in its orders making preliminary findings on the United States Trustee's objections to Smith's application for trustee's compensation—which argued, among other things, that Smith had improperly billed attorney's fees for tasks that did not require the "special expertise of counsel"—gave Smith sufficient notice that the billing entries in his attorney's fees application were under review. *Cf. Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 351–52 (9th Cir. 1999) (holding that a district court can modify the amount of default judgment sua sponte under Rule 60(b), but a due process violation may occur when "the correction [comes] out of the blue, with no notice . . . or opportunity to be heard"). Smith had ample opportunity to be heard on the issue of his attorney's fees.

Smith's remaining unsupported and conclusory arguments do not meaningfully challenge the bankruptcy court's determination of excusable neglect, and he has not demonstrated that the bankruptcy court abused its discretion in granting relief from its prior order. *See* Fed. R. App. P. 28(a)(8)(A) (providing that an appellant's brief must include its "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *see also United States v. Alonso*, 48 F.3d 1536, 1544 (9th Cir. 1995) (holding that

courts may "refuse to address issues that appellants fail to develop in their briefs" or merely "advert[] to in a perfunctory manner, unaccompanied by some effort at developed argumentation" (internal quotation marks and citation omitted)).

2.     The bankruptcy court has "wide discretion in determining reasonable compensation" for counsel. *Roderick v. Levy* (*In re Roderick Timber Co.*), 185 B.R. 601, 606 (B.A.P. 9th Cir. 1995). Smith was appointed the Chapter 7 trustee of the bankruptcy estate and employed himself as attorney for the estate under 11 U.S.C. § 327. Smith then applied for attorney's fees in his role as attorney for the estate.

The bankruptcy court did not abuse its discretion by awarding Smith less than the full amount of attorney's fees he requested. The bankruptcy court recognized the applicable provisions of the bankruptcy code, including 11 U.S.C. §§ 330 and 328. Section 330 provides that an attorney may be awarded reasonable compensation for necessary services but authorizes the bankruptcy court to award less compensation than the amount requested. 11 U.S.C. § 330(a)(1)(A), (a)(2); *see Leichty v. Neary* (*In re Strand*), 375 F.3d 854, 861 (9th Cir. 2004) (affirming fee reduction). Additionally, when the trustee serves as the attorney for the estate, § 328 prohibits compensation for the "performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney . . . for the estate." 11 U.S.C. § 328(b); *see also U.S. Tr. v. Boldt* (*In re*

4

*Jenkins*), 188 B.R. 416, 420 (B.A.P. 9th Cir. 1995) ("A trustee may employ professionals only for those tasks that require special expertise beyond that expected of an ordinary trustee."), *aff'd*, 130 F.3d 1335 (9th Cir. 1997).

The bankruptcy court conducted a thorough review of the fee application after considering the parties' pleadings and their arguments at an evidentiary hearing. It considered and applied the applicable law and considered the relevant factors, including whether Smith "exercise[d] reasonable billing judgment," *In re Strand*, 375 F.3d at 860 (citation omitted), in view of the anticipated return to the creditors. 11 U.S.C. § 330(a)(3)(C), (4)(A); *see also Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 958–59 (9th Cir. 1991) (explaining that an attorney for the bankruptcy estate must consider the "maximum probable recovery" compared to the "probable cost of legal services").

In sum, the bankruptcy court did not abuse its discretion by granting Rule 60(b) relief or by awarding Smith a reduced amount of attorney's fees.

**AFFIRMED.**

24-173